No. 48,734

ROBERT M. GARRISON and MABEL V. GARRISON, *Appellees,* v. MORTON MARLATT, *Appellant.*

(580 P.2d 885)

Opinion filed July 15, 1978.

*Richard P. Senecal* and *Robert J. Bednar,* of Duncan, Senecal, Bednar and Mears, Chartered, of Atchison, argued the cause and were on the brief for the appellant.

*Charles L. Davis, Jr.,* of Gray, Freidburg, Davis & Unrein, of Topeka, argued the cause, and *J. Franklin Hummer,* of the same firm, and *Robert D. Caplinger,* of Stillings & Caplinger, Chartered, of Atchison, were with him on the brief for the appellees.

The opinion of the court was delivered by

OWSLEY, J.: This is an action to recover damages for personal injuries resulting from an automobile collision wherein defendant Morton Marlatt ran his car into the rear of the car driven by plaintiff Robert M. Garrison, with plaintiff Mabel V. Garrison as a passenger. After trial, a jury of six returned a verdict of $35,000 for Robert and $15,000 for Mabel, each amount being the maximum the jury could award.

Defendant appeals on several grounds, but our decision requires only a resolution of the issues raised concerning jury instructions.

Defendant contends the trial court erred in giving Instruction No. 5, which states:

"If you find for the plaintiffs, or either of them, you should allow such plaintiff an amount of money as will reasonably compensate him or her, or either of them, for their injuries and damages resulting from the occurrence in question, including any of the following shown by the evidence: (a) pain, suffering, disability or disfigurement, and any accompanying mental anguish suffered by such plaintiff to date and those which such plaintiff is reasonably certain to experience in the future; (b) the reasonable expenses of necessary medical care, hospitalization and treatment received; (c) loss of time or income to date by reason of such plaintiff's

disabilities and that which he is reasonably certain to lose in the future; and (d) aggravation of any pre-existing ailment or condition.

"In arriving at the amount of your verdict, you should consider such plaintiff's age, condition of health before and after, and the nature, extent and duration of the injuries. For such items as pain, suffering, disability and mental anguish there is no unit of value and no mathematical formula that the Court can give you. You should award such sum as will fairly and adequately compensate such plaintiff. The amount to be awarded rests within your sound discretion.

. . . . . . . . . . . . . . . . .

"If you find from the evidence that before the occurrence involved in this case that either of the plaintiffs had a pre-existing physical ailment or defect, and further find that because of the occurrence this condition was aggravated or made active, so as to cause increased suffering or disability, then, if such plaintiff is entitled to recover, he may recover for such increased suffering and disability. Such plaintiff is not entitled, however, to recover for any physical ailment, defect or disability that may have existed prior to the occurrence or that was not caused by or contributed to by reason of the occurrence."

The basis for the complaint is two-fold. The instruction was improper because (1) it allowed the jury to consider a claim for future pain, suffering, disability, disfigurement and mental anguish for both plaintiffs when there was no evidence to support such a claim, and (2) it allowed the jury to consider a claim for loss of income for Mabel Garrison when there was no evidence to indicate she had ever lost or would lose wages.

Dr. Wayne O. Wallace, the treating physician, testified that when he examined Robert Garrison four months after the accident he found that he had completely recovered from injuries received in the accident and the only basis for continued treatment was related to a pre-existing condition. Likewise, Dr. Wallace testified he completed treatment of Mabel Garrison five months after the accident and she had recovered from her injuries.

In view of the fact there was no medical evidence to justify an award for future damages, we have made a diligent search of the record for other evidence which could support such an award. We found none. Neither party disputed the opinion of the doctor, nor did either complain of continued suffering at the time of trial. Under these circumstances there was no evidence to warrant giving an instruction for future pain, suffering or loss of income, or for permanent disability or disfigurement.

Plaintiffs argue the flaws in the instruction are not reversible because the trial court instructed the jury to award damages for losses for "any of the following shown by the evidence," and the

jury could disregard those instructions not applying to a particular plaintiff. We do not think the argument sound. It is the obligation of a trial court to instruct the jury with respect to the law governing all issues joined by the pleadings upon which the evidence is adduced and to advise the jury regarding the verdicts which may be rendered on the evidence actually adduced. (*Bechard v. Concrete Mix & Construction Inc.,* 218 Kan. 597, 600, 545 P.2d 334 [1976], and authorities cited therein.) This requires the trial court to instruct the jury on a theory or claim for recovery only when there is evidence to support such a verdict. When there is no evidence to support a claim, it is error for the trial court to give an instruction on the claim.

Defendant also argues the instructions were improper because they allowed plaintiffs to base their theory of recovery on the intoxication of defendant. Based on the weak evidence of intoxication, we agree. The only reference to defendant's possible intoxication came in the testimony of Mabel Garrison when she claimed she smelled alcohol on defendant's breath after the accident. Plaintiffs claim this was enough evidence to justify an instruction to the jury, relying on *Shawnee Township Fire District v. Morgan,* 221 Kan. 271, 559 P.2d 1141 (1977). We think that case is distinguishable on the facts. There evidence existed that defendant had an odor of alcohol on his breath at the scene of the accident. Plastic drink glasses were found on the floorboard of his car. The ambulance drivers detected a strong odor of alcohol coming from defendant when they put him in the ambulance. Defendant was extremely uncooperative and belligerent. The mere presence of alcohol on the breath of a driver, with nothing more, is not enough to justify a jury instruction on intoxication.

Because of the resolution of these issues, it is unnecessary to consider other points raised by defendant.

The judgment of the trial court is reversed and remanded for a new trial on all issues.

MILLER, J., dissenting: The defendant driver admitted that he had consumed "two or three beers" before the collision occurred. He had alcohol on his breath. He took a bottle from inside his car and secreted it in the trunk shortly after the collision. His only excuse for rear ending the plaintiff vehicle—which was moving in excess of fifty miles an hour at the time—was that he must have fallen asleep.

I think the trial court was justified in giving the instruction on driving while under the influence of alcohol.

There is really no bona fide dispute as to causation. I would affirm as to liability and remand for trial on the issue of damages alone.

I respectfully dissent.

McFARLAND, J., joins in the foregoing dissent.