(603 P.2d 1028)

No. 50,235
No. 50,236

BARBARA GEIER and NORMAN GEIER, and RANDY GEIER, *Appellants,*
v. STEVEN L. WIKEL, *Appellee.*

Opinion filed December 14, 1979.

*Douglas L. Baker,* of Baker & Noland, of Pittsburg, for appellant.

*Jack L. Lively* and *Thomas A. DeVore,* of Hall, Levy & Lively, of Coffeyville, for appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: Both of these appeals are from an order granting summary judgment against the plaintiffs and in favor of the defendant based upon the plaintiffs in both cases having executed an unconditional release in settlement with a joint tort-feasor.

On June 1, 1976, plaintiff Randy Geier and his brother, Ronnie Geier, were passengers in a 1970 Dodge Charger automobile owned and driven by defendant, Steven L. Wikel. At 6:25 p.m. on that same date, the Wikel vehicle struck the first freight car behind two diesel units of a northbound freight train owned and operated by the St. Louis-San Francisco Railway Company. Randy Geier was injured and Ronnie Geier was killed in that collision.

On June 14, 1976, Randy Geier and Norman Geier, his father, executed an unconditional release in favor of the St. Louis-San Francisco Railway Company. The release acknowledged the receipt of $5,000 from the railroad, recited the occurrence of the accident and Randy Geier's injury, and further recited that the accident occurred "under circumstances which [Randy Geier and Norman Geier] claim render said Company liable in damages, although such liability is denied by said Company, and [Randy Geier and Norman Geier are] desirous to compromise, adjust and settle the entire matter."

On that same date, Norman Geier and Barbara Geier (Ronnie's parents) executed an unconditional release in substantially identical terms, acknowledging the receipt of $5,000 from the railroad and reciting Mr. and Mrs. Geier's claim of negligence against the railroad resulting in injury and death to Ronald R. Geier, their son.

On October 19, 1976, Randy Geier filed suit against Steven Wikel and his mother, Tressie Gossett. On the same day, Norman and Barbara Geier filed suit for wrongful death against the same defendants. The suit against Tressie Gossett was later dismissed when it was shown that Steven L. Wikel was an emancipated minor and the actual owner of the 1970 Dodge Charger that was involved in the accident.

During discovery, both sets of attorneys learned that the Geiers had given unconditional releases to the St. Louis-San Francisco Railway Company. Wikel filed a motion for summary judgment and the trial court entered summary judgment for the defendant on the theory that the release of one joint tort-feasor releases all.

Although we would not ordinarily do so, we dispose of this case on a point not raised or briefed by the parties. The trial judge did not have the guidance of *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978), when he decided this case. We are of the opinion that the decision in *Brown* requires us to vacate the judgment and remand the case to the district court for its reconsideration of the defendant's motion.

The trial court followed decisions by the Kansas Supreme Court which spanned a hundred years. The rationale behind the common law rule that the release of one joint tort-feasor releases all is explained in *Railway Co. v. McWherter,* 59 Kan. 345, 352, 53 Pac. 135 (1898), as follows:

"The reason of the rule which renders the acceptance of satisfaction from one of two or more joint tort feasors a discharge as to all, is that the wrong is single and entire, and the injured party is entitled to one and only one satisfaction, no matter how many parties may have joined in the act. As a general rule, the nature of the case does not admit of an apportionment of the damages among the wrongdoers, but they are liable jointly and severally for the whole."

That reasoning was shattered by the adoption of comparative negligence in Kansas (K.S.A. 60-258a) and its subsequent construction in *Brown v. Keill* abolishing the concept of joint and several liability between joint tort-feasors in comparative negligence actions. As explained in *Brown,* the proportionate fault of

all parties to the occurrence is to be determined even though one or more of them is not a party to the action and is unable to pay, or cannot be required for any reason to pay his or her proportionate fault.

The fact that St. Louis-San Francisco Railway Company was not a named defendant is irrelevant. The defendant is entitled to have the railroad's percentage of fault determined and has no responsibility to pay the railroad's share of the obligation. The defendant is not required to have the railroad's percentage of fault determined, however, and the fact that he has not yet requested the court to submit that issue for determination is of no moment to this decision. An injured party whose claim for damages is exclusively subject to the Kansas comparative negligence statute may now settle with any person or entity whose fault may have contributed to the injuries without that settlement in any way affecting his or her right to recover from any other party liable under the act. The injured party is entitled to keep the advantage of his or her bargaining, just as he or she must live with an inadequate settlement should the jury determine larger damages or a larger proportion of fault than the injured party anticipated when the settlement was reached. It follows that the type of release given will have no effect on any party not specifically named in the instrument.

Judge Richard D. Rogers has resolved a similar question in the same manner in *Stueve v. American Honda Motors Co., Inc.*, 457 F. Supp. 740, 748-49 (D. Kan. 1978), stating:

"The Kansas Supreme Court has held that common-law principles of joint liability do not survive the enactment of the Kansas comparative negligence statute, K.S.A. § 60-258a. *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978):

[W]e hold under the provisions of K.S.A. 60-258a the concept of joint and several liability between joint tort-feasors previously existing in this state no longer applies in comparative negligence actions.

*Id.*, 224 Kan. at 204, 580 P.2d at 874. It follows that since a given defendant in a case governed by K.S.A. § 60-258a can be held liable in any event only for that percentage of injury attributable to his fault, a release of that defendant cannot inure to the benefit of potential co-defendants. Under former rules of joint liability, to release one defendant unconditionally may have been viewed as relinquishment of the right to recover one's entire damages from a party liable, and thus as extinguishing the action as to potential defendants who stand as third-party beneficiaries to the release. This cannot be the case in an action under K.S.A. § 60-258a."

In view of our disposition of this case, we have not considered the issues briefed by the plaintiffs.

The judgment is vacated and remanded to the district court for its reconsideration in light of *Brown v. Keill,* 224 Kan. 195, and this opinion.