No. 53,549

Connie Ellis, *et al., Plaintiffs,* v. Union Pacific Railroad Company, *Defendant-Appellant,* and City of Onaga, Mill Creek Township, and Pottawatomie County, Kansas, *Appellees.*

(653 P.2d 816)

Opinion on rehearing filed November 16, 1982. (For original opinion affirming see 231 Kan. 182, 643 P.2d 158 [1982].)

*Larry Mundy,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the cause and was on the brief for the appellant.

*Sally H. Harris,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause and was on the brief for appellee City of Onaga.

*Gary F. Conklin,* of Westmoreland, argued the cause and was on the brief for the appellee Mill Creek Township.

*Stephen M. Kerwick,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, was on the briefs for *amicus curiae* Kansas Association of Defense Counsel.

*L. M. Cornish* and *Gregory F. Maher,* of Glenn, Cornish, Schulteis & Hanson, Chartered, of Topeka, were on the briefs for *amicus curiae* Kansas Association of Property and Casualty Insurance Companies, Inc.

*Alvin D. Herrington,* of McDonald, Tinker, Skaer, Quinn & Herrington, of Wichita, was on the briefs *amicus curiae* for Insurance Company of North America.

*Robert E. Keeshan,* of Scott, Quinlan & Hecht, of Topeka, was on the brief *amicus curiae* for Kansas Trial Lawyers Association.

*Arthur W. Douville,* of Alder, Nelson & McKenna, of Overland Park, was on the brief *amicus curiae* for Arthur W. Douville.

The opinion of the court was delivered by

Schroeder, C.J.: In this comparative negligence action the original opinion affirming the trial court was filed April 3, 1982. Thereafter, a "MOTION FOR REHEARING OR MODIFICATION" was filed April 22, 1982, by the Union Pacific Railroad. After response thereto by the city of Onaga, Mill Creek Township and Pottawatomie County, and the filing of a memorandum brief of *amicus curiae,* Insurance Company of North America, in support of the motion for rehearing, and the city of Onaga's reply thereto, the court on July 1, 1982, granted the motion for rehearing and scheduled oral arguments for the week of October 18, 1982. In its order the court requested all parties, *amici curiae* Insurance Company of North America, Kansas Trial Lawyers

Association and Kansas Association of Defense Counsel to brief by August 16, 1982, nine specified issues in addition to such other issues each believed necessary for an appropriate rehearing of the appeal. Reply briefs by the parties or *amici* were to be filed by September 7, 1982.

Prior to rehearing leave was granted for the filing of additional briefs by *amici* as follows: Kansas Association of Property and Casualty Insurance Companies, Inc., and Arthur W. Douville.

On October 7, 1982, by reason of the illness of Justice Alex M. Fromme of the Kansas Supreme Court, the Honorable William D. Clement, District Judge, Division 2 of the Geary County District Court, was assigned pursuant to the authority vested in the Supreme Court by Article 3, Sec. 6(*f*) of the Constitution of the State of Kansas to serve temporarily on the Supreme Court in the place of Justice Fromme to participate in the rehearing and ultimate decision of this case.

After fully hearing arguments by counsel for the respective parties on October 20, 1982, and giving due consideration to all briefs filed, the court adheres to its original opinion filed April 3, 1982, affirming the trial court.

MILLER, J., dissenting.

Several months ago I voted for a rehearing in this case because, along with a majority of the then members of this court, I was convinced that our original opinion affirming the trial court was fundamentally erroneous. It emasculates the legislative act, K.S.A. 60-258a, and our earlier opinion construing that act, *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788 (1980), upon which the lawyers and litigants of this state and counsel for the appellant herein have justifiably relied. The dissents of Justices Herd, Holmes, and Fromme, reported along with the original opinion in 231 Kansas at pages 192 to 195, fully set forth the logical and proper resolution of the issues, and I need not repeat what is there said. The judgment of the trial court should be reversed.

I respectfully dissent.

HOLMES and HERD, JJ., join in the foregoing dissenting opinion.

HERD, J., dissenting: I adhere to my previous dissent and that of Fromme, J., (231 Kan. at 192-95) and I join the dissent of Miller, J.

The majority opinion effectively eliminates the intended use of K.S.A. 60-258a(c). There is henceforth no reason for a defendant to formally join any other person whose causal negligence is claimed to have contributed to the damages sought. Informal joinder for determination of comparative fault will produce the same result.

MILLER and HOLMES, JJ., join in the foregoing dissenting opinion.