No. 53,920

Larry McGraw, *Appellant,* v. Sanders Company Plumbing and Heating, Inc., and Herman Birks, *Appellees.*

(667 P.2d 289)

Opinion filed July 15, 1983.

*Charles D. Kugler,* of Vasos, Kugler & Dickerson, of Kansas City, argued the cause and was on the briefs for the appellant.

*Patricia E. Riley,* of Ralston, Frieden & Weathers, of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Herd, J.: This is a personal injury action. McGraw appeals from a jury verdict awarding him $28,000 for his personal injury claim.

Larry McGraw was employed as a construction worker by Robert E. McKee, Inc., the general contractor of a construction project in Kansas City, Kansas. McKee subcontracted part of the work to appellee Sanders Company Plumbing & Heating, Inc. The other appellee, Herman Birks, was employed by Sanders as a backhoe operator.

The original contract between McKee and Sanders called for Sanders to install a "mud interceptor box," a septic tanklike pit, into which waste water from the building floor was to drain. After construction was commenced on the main project, it was determined Sanders did not have the capability of installing the mud interceptor box. It was then agreed McKee would perform this task as general contractor.

Despite McKee's agreement to construct the interceptor box, Herman Birks, the backhoe operator for Sanders, made the excavation. Subsequently several McKee employees, including McGraw, entered the pit for the purpose of leveling and tamping the base prior to construction of the concrete interceptor box.

Later Birks was asked to return to the excavation site with his backhoe and assist in removal of the tamping device used in the pit. Birks brought the backhoe to the pit. As he lowered the stabilizer bars the machine slipped into gear, causing it to lurch into the pit on top of the workers. Fortunately no one was killed, but McGraw suffered serious injuries to his hand.

McGraw filed this action in February of 1980, alleging negligence on the part of both Birks and Sanders. Subsequently appellees, pursuant to K.S.A. 60-258a(c), joined McKee as an additional party for the purposes of determining that company's fault. The case went to trial and the jury determined McGraw's damages to be $80,000. Fault was apportioned as follows:

| | |
|---|---|
| Larry McGraw | .5% |
| Sanders Company Plumbing & Heating, Inc. and/or Herman Birks | 35% |
| McKee Construction Co., Inc. | 60% |

McGraw thus received a total award of $28,000, all of which was subject to a subrogation claim by McKee for workers' compensation paid by McKee.

Appellant first argues the trial court erred in excluding evidence of a workers' compensation lien and in refusing to instruct the jury on the issue of workers' compensation reimbursement.

During direct examination by appellant's counsel McGraw's wife mentioned briefly her husband had received workers' compensation benefits and that it had "helped for a while." During her cross-examination counsel for appellee inquired as to the extent of the benefits. Appellant's counsel made no objection. Later appellant attempted to introduce the workers' compensation lien which had been filed against any proceeds McGraw might have received from the lawsuit. See K.S.A. 1982 Supp. 44-504(*b*). The trial court sustained Sanders' objection.

McGraw then attempted to place the workers' compensation lien before the jury by offering this instruction, which was refused by the court:

"Following his injury on November 19, 1979, Larry W. McGraw was entitled to and did receive certain workers' compensation payments under the Kansas Workmen's Compensation Act. Those payments total $30,451.66. By operation of Kansas law, the $30,451.66 sum must be repaid by Larry McGraw first out of any recovery he realizes in this case."

This issue points up the then existing conflict between workers' compensation law and our comparative fault statute. At the time of trial, under the workers' compensation statutes an employer who paid benefits to an injured worker was entitled to be subrogated to the extent of his payments against any recovery the worker might receive from a third party tortfeasor. K.S.A. 1982 Supp. 44-504(*b*). This was so even if the employer was found at fault under the comparative fault statute, K.S.A. 60-258a. The practical result was that a concurrently negligent employer could profit from the suit of the employee by obtaining reimbursement of all compensation expenditures. *Negley v. Massey Ferguson, Inc.,* 229 Kan. 465, 470-71, 625 P.2d 472 (1981).

This inequity has been corrected by the enactment of K.S.A. 1982 Supp. 44-504(*d*) which states:

"If the negligence of the worker's employer or those for whom the employer is responsible, other than the injured worker, is found to have contributed to the party's injury, the employer's subrogation interest or credits against future payments of compensation and medical aid, as provided by this section, shall be diminished by the percentage of the damage award attributed to the negligence of the employer or those for whom the employer is responsible, other than the injured worker."

Generally, a statute operates prospectively unless its language clearly indicates the legislature intended it to operate retrospec-

tively. *Davis v. Hughes,* 229 Kan. 91, 101, 622 P.2d 641 (1981); *Nitchals v. Williams,* 225 Kan. 285, Syl. ¶ 1, 590 P.2d 582 (1979). Since K.S.A. 1982 Supp. 44-504(*d*) contains no such indication, this statute operates prospectively.

Disclosure to the jurors of additional sources of compensation received by the appellant is improper. *Negley v. Massey Ferguson, Inc.,* 229 Kan. at 473. Thus the trial court properly denied admission of the workers' compensation lien. Further, the fact a trivial amount of such evidence found its way into the lawsuit first inadvertently and then without objection does not mean it was error for the trial court to refuse the requested instruction.

Appellant next argues the trial court erred in suppressing evidence regarding prior acts of carelessness on the part of Birks and in refusing to instruct the jury on the theory Sanders was negligent in supervising Birks.

The prior acts in question first surfaced during the deposition of Larry Clark, McKee's superintendent for the construction project. Clark related one instance in which Birks almost knocked over a newly poured concrete wall with his backhoe. Another time Birks punctured one of the backhoe's tires on a steel reinforcing bar. Clark then went to the foreman for Sanders and told him Birks should not be working near anyone else.

With this information in mind, prior to trial the appellees moved to suppress evidence of previous acts of negligence. The trial court took the matter under advisement. Later, during the testimony of Robert Hoenschiedt, an experienced backhoe operator, appellant's counsel asked about the witness' previous observation of Birks operating a backhoe. Counsel for appellees again objected and the court sustained the objection, thereby suppressing the response.

Finally, during cross-examination by counsel for appellees, Harold McClintock, Sanders' job superintendent, testified he was satisfied with the work performed by Birks. Then on redirect appellant's counsel attempted to inquire of McClintock regarding specific instances of Birks' previous operation of the backhoe to rebut McClintock's testimony. Again the court restrained inquiry about Birks' prior negligence.

Generally, prior instances which tend to show a person's character with respect to care or skill are inadmissible to prove the quality of his or her conduct on a specified occasion. K.S.A.

60-448. Here, however, appellant argues evidence of Birks' prior carelessness was offered to show Sanders was negligent in supervising its employees.

Appellee responds that despite the possible merit of appellant's argument he has failed to comply with the requirements of the Kansas Code of Civil Procedure. K.S.A. 60-405 states:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reserved, by reason of the erroneous exclusion of evidence unless it appears of record that the proponent of the evidence either made known the substance of the evidence in a form and by a method approved by the judge, or indicated the substance of the expected evidence by questions indicating the desired answers."

See also K.S.A. 60-243(c).

Even though appellant made no formal proffer of evidence to show the expected answer of the witnesses questioned, the argument on the motion in limine coupled with the in-court colloquy fully set out appellant's position. Given the liberal construction to be accorded our rules of civil procedure, (K.S.A. 60-102), this was sufficient to satisfy the statutes. The trial court erred in excluding the evidence. The prejudice resulting from this error is obvious. If the jury had been allowed to attribute Sanders with fault for negligently supervising Birks, the fault of McKee, from whom McGraw could recover nothing more, might have been reduced.

Appellant's argument regarding the trial court's failure to instruct on the theory Sanders negligently supervised its employees is related to the previous issue. Generally, a party is entitled to an instruction explaining his theory of the case where evidence is introduced in support thereof. *Shawnee Township Fire District v. Morgan*, 221 Kan. 271, 277, 559 P.2d 1141 (1977). Here appellee again argues because the trial court allowed no testimony regarding prior conduct and because appellant made no formal proffer to such testimony there was no evidence to support the proposed instruction. Although appellant's main target was Birks, the pretrial order lists Sanders' negligence as an issue. We hold the pleadings together with appellant's proffered evidence are sufficient to entitle him to an instruction on his theory of the case.

Finally, appellant argues the trial court erred in refusing to instruct the jury that a defendant seeking to reduce its percentage of fault by comparing the fault of a party joined pursuant to

K.S.A. 60-258a(c) has the burden to prove specific acts of negligence on the part of the joined party by a preponderance of the evidence.

One of the instructions appellant proposed to the trial court stated:

"The defendants have the burden to prove that their claims of fault on the part of the plaintiff and Robert E. McKee, Inc., are more probably true than not true."

The trial court refused to give the instruction as proposed. Instead it deleted the reference to Robert E. McKee, Inc., resulting in a jury instruction which informed the jurors the defendants only had to prove their claims of fault on the part of the plaintiff were more probably true than not.

As previously noted, a party is entitled to an instruction explaining his theory of the case where evidence is introduced in support thereof. The trial judge, in turn, has the duty to instruct the jury with regard to the law governing the theories raised by the parties. See *Garrison v. Marlatt,* 224 Kan. 390, 580 P.2d 885 (1978).

This problem is a matter of law. Discussion of the issue is best premised by an examination of the Kansas comparative fault statute, K.S.A. 60-258a. That statute provides in pertinent part:

"(a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party.

.    .    .    .

"(c) On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

"(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed."

The purpose of this statute is "to impose individual liability for damages based on the proportionate fault of all parties to the

occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault." *Brown v. Keill,* 224 Kan. 195, 207, 580 P.2d 867 (1978).

The specific portion of the statute relevant to the case at bar is subsection (c). That provision evidences a legislative intent to allow a defendant to force comparison of his fault with that of a third party. *Kennedy v. City of Sawyer,* 228 Kan. 439, 460, 618 P.2d 788 (1980). Formal joinder, however, is not a necessary prerequisite to effecting comparison of fault. *Brown v. Keill,* 224 Kan. at 205-07. Subsection (c) operates merely to prevent the plaintiff from defeating proportionate liability by suing only one defendant when more than one party was arguably at fault. As such it "benefits only the defendant through potential reduction of the percentage of fault attributable to him rather than benefiting the plaintiff through increased recovery. *Ellis v. Union Pacific R.R. Co.,* 231 Kan. 182, 189, 643 P.2d 158, *aff'd on rehearing* 232 Kan. 194, 653 P.2d 816 (1982).

The extent of the burden faced by a defendant who joins additional parties pursuant to K.S.A. 60-258a(c) is a question of first impression for this court. Such a defendant's burden with regard to the plaintiff, however, is undisputed. Both parties agree, and the trial court so instructed, that when a defendant in a negligence case claims the plaintiff was at fault he has the burden to "prove that [his] claims of fault on the part of the plaintiff are more probably true than not true." PIK Civ. 2d 6.01 (1977). This is true because such a defense constitutes an affirmative defense pursuant to K.S.A. 60-208(c), which states:

"In pleading to a preceding pleading a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata,* statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation."

The purpose the requirement set out in this statute is to give the opposing party notice of the plea and a chance to argue, if he can, why such a defense is inappropriate. *Blonder-Tongue v. University Foundation,* 402 U.S. 313, 350, 28 L.Ed.2d 788, 91

S.Ct. 1434 (1971) (discussing Fed. R. Civ. Proc. 8(c), which is similar to K.S.A. 60-208(c).

The question here involves the position occupied by a defendant who, pursuant to K.S.A. 60-258a(c), joins another party whom he claims contributed to the plaintiff's injuries. Appellant argues such a defendant must operate under the same burden as the defendant who claims the plaintiff was partially or entirely at fault. This makes sense. The defense that a "phantom party" contributed to the plaintiff's injuries is arguably a "matter constituting an avoidance" and as such the defendant offering the argument would be procedurally in the same position as if he were claiming the plaintiff was negligent. See *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 458 (10th Cir. 1982). This is also in line with the general rule that the "burden of proof on any point is upon the party asserting it . . . ." *In re Estate of Wright*, 170 Kan. 600, 604, 228 P.2d 911 (1951). Thus the defendant would have the burden to plead and prove his claims. Since the standard in all but a few specifically excepted civil cases is a preponderance of the evidence, the defendant would have the burden to prove his claims were more probably true than not.

On the other hand, a party joined pursuant to K.S.A. 60-258a(c) occupies a different position than does an ordinary defendant. As the court stated in *Ellis*, 231 Kan. at 190, petitions filed pursuant to this statute do not alone state a claim for recovery. This observation points to the unique status of the party joined pursuant to K.S.A. 60-258a(c). Plaintiff cannot recover against him without at least amending the petition. The joined party, on the other hand, cannot file counterclaims or cross-claims. He is not normally represented by counsel and thus does not present evidence. In short, he is merely a spectator albeit with a ringside seat. The focus of this analysis, however, is misplaced. The central figure here is the original defendant, not the joined party. The defendant's burden of proof is the issue. The fact the K.S.A. 60-258a(c) party occupies a different position should not change the defendant's burden to prove his claims by a preponderance of the evidence. We hold a defendant who seeks to reduce his percentage of fault by comparing the fault of a party joined pursuant to K.S.A. 60-258a(c) has the burden of proving the joined party's fault by a preponderance of the evidence. Thus a

plaintiff is entitled to an instruction accordingly on burden of proof. It was error not to give the requested instruction.

The prejudice of the trial court's error is obvious. If the jury were aware of Sanders' burden it might not have been so likely to find McKee at fault. Presumably, the less fault attributed to McKee, the more fault attributed to Sanders, thereby increasing plaintiff's recovery.

The judgment of the trial court is reversed and this case remanded for a new trial consistent with this opinion.

SCHROEDER, C.J., concurs.