No. 59,646

EVERETT L. GLENN, *Appellant/Cross-Appellee*, v. DALE FLEMING, *Appellee/Cross-Appellant.*

(732 P.2d 750)

Opinion filed February 20, 1987.

*Jerry R. Palmer*, of Palmer, Marquardt & Snyder, P.A., of Topeka, argued the cause and was on the briefs for appellant/cross-appellee.

*Gene H. Sharp*, of Neubauer, Sharp, McQueen, Dreiling & Morain, P.A., of Liberal, argued the cause and was on the brief for appellee/cross-appellant.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is a personal injury action wherein plaintiff Everett Glenn appeals the district court's ruling reducing the amount of the jury verdict. The defendant cross-appeals from the court's order denying his motion for new trial.

The plaintiff originally sued four defendants, alleging fault against each of the defendants. The amended petition added a fifth defendant. Prior to the pretrial conference, the plaintiff settled with four of the defendants. Defendant Fleming did not settle with the plaintiff, nor did he allege fault as to the other defendants and, in his answer, denied that any of the defendants were at fault.

At the pretrial conference, the plaintiff moved to amend his petition in order to remove his cause of action against the settling defendants. Defendant Fleming was given twenty days to respond to the amended petition. In defendant Fleming's amended answer, he stated, "[T]he proximate cause of plaintiff's injuries and damages, if any, were the negligent acts of the

plaintiff." Defendant Fleming made no mention of the fault of the settling defendants. The pretrial order stated that the defendant alleged the plaintiff was contributorily negligent. The only reference to the settlement is found in Paragraph VIII of the pretrial order, which states:

"Request has been made by Plaintiff for In Limine orders prohibiting the Defendant from mentioning Workers' Compensation or any other collateral source for damage and prohibiting the mentioning of a settlement with any other former party to this lawsuit. Such motions are sustained."

The case proceeded to jury trial against defendant Fleming. The jury awarded a verdict of $1,500,000.00, assessing fault of 30% on the plaintiff and fault of 70% on the defendant. Judgment against defendant Fleming was entered for $1,050,000.00. Upon motion of the defendant, the court reduced the amount of the judgment by $695,000.00, the total amount paid to the plaintiff as a result of the settlement with the four defendants prior to trial. Thereafter, defendant Fleming filed a motion for new trial based upon the court's failure to submit the fault of the settling defendants to the jury for comparison purposes pursuant to K.S.A. 60-258a. The trial court denied the defendant's motion for new trial.

The two questions before this court on appeal are: (1) Did the trial court err in denying the defendant's motion for new trial; and (2) was it proper for the trial court to reduce the jury verdict by the amount the plaintiff received as a result of the settlement with the four defendants prior to trial?

We will first determine if the trial court erred in denying the defendant's motion for new trial. The defendant argues his motion should have been granted because the trial court did not allow him to compare the fault of the settling defendants.

At the hearing on defendant Fleming's motion for a new trial, counsel for defendant Fleming testified that he argued to the court at the pretrial conference that he should be able to tell the jury the amount of the settlement and, if not, that he was entitled to compare fault. He testified the court responded, "I'm not going to allow you to compare." He stated he did not allege comparative fault against the settling defendants because he thought to do so would violate the pretrial order. He stated he made no proffer at trial to show the fault of the settling defendants because he thought there was an order forbidding him from doing so.

Plaintiff's counsel argued nothing in the pretrial order prohibited defendant from alleging the fault of any other party because the pretrial order speaks only to the *settlement* with the other defendants.

The court stated it did not recall defendant's counsel asking leave of court to compare the fault of the settling defendants. The court stated, "I feel very confident that if [defendant's counsel] had raised the question of comparative fault at that pretrial conference it would have been in that pretrial order." The court reporter was not present at the pretrial conference and a record was not made of the conference.

The Kansas comparative negligence statute, K.S.A. 60-258a, in pertinent part, provides as follows:

"(c) On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damage shall be joined as an additional party to the action.

"(d) Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of his or her causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed."

In *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978), this court interpreted K.S.A. 60-258a as allowing the jury to compare the fault of parties not formally joined in the lawsuit. The issue in that case was whether the fault of the plaintiff's son could be considered when comparing fault even though the son was not served with process or joined as a formal party to the action. This court ruled:

"[W]e conclude the intent and purpose of the legislature in adopting K.S.A. 60-258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault." 224 Kan. at 207.

In *McCart v. Muir*, 230 Kan. 618, 641 P.2d 384 (1982), this court stated the fact the plaintiffs had settled with one of the defendants did not prevent another defendant from obtaining a determination of the settling defendant's proportionate fault in

the occurrence giving rise to the injuries and damages. 230 Kan. at 622, 624.

In *McGraw v. Sanders Co. Plumbing & Heating, Inc.,* 233 Kan. 766, 667 P.2d 289 (1983), we said:

"That provision [60-258a(c)] evidences a legislative intent to allow a defendant to force comparison of his fault with that of a third party. *Kennedy v. City of Sawyer,* 228 Kan. 439, 460, 618 P.2d 788 (1980). Formal joinder, however, is not a necessary prerequisite to effecting comparison of fault. *Brown v. Keill,* 224 Kan. at 205-07. Subsection (c) operates merely to prevent the plaintiff from defeating proportionate liability by suing only one defendant when more than one party was arguably at fault. As such it benefits only the defendant through potential reduction of the percentage of fault attributable to him rather than benefiting the plaintiff through increased recovery. *Ellis v. Union Pacific R.R. Co.,* 231 Kan. 182, 189, 643 P.2d 158, *aff'd on rehearing* 232 Kan. 194, 653 P.2d 816 (1982)." 233 Kan. at 772.

If formal joinder is not necessary, then how does a defendant proceed to compare the fault of a nonparty? In *Brown v. Keill,* this court looked at the defendant's answer to the plaintiff's petition and the evidence produced at trial in order to determine whether the nonparty's fault could be compared.

"One final question must be answered in this case. Was the answer filed by the defendant and the evidence introduced thereon sufficient to obtain the determination of the percentage of fault attributable to the nonparty?

"The defendant Keill in her answer alleged that the son who drove the Jaguar was a party whose negligence or fault contributed to cause the collision and damage to plaintiff's vehicle. She alleged specific acts of negligence on the part of the son. There was sufficient testimony introduced at the trial to support these allegations and from which a percentage of fault could be determined. The son appeared at the trial and testified on behalf of the plaintiff. The plaintiff and defendant both understood the nature of the issue and introduced evidence on that issue. The trial court made findings as to the percentage of fault of each party involved in the collision, including that of the son. These findings adequately support the judgment entered thereon. We hold that the issue of the percentage of fault of the son was adequately raised in the pleadings, supported by substantial competent evidence and properly decided by the trier of fact." 224 Kan. at 207.

In *Wooderson v. Ortho Pharmaceutical Corp.,* 235 Kan. 387, 412-14, 681 P.2d 1038, *cert. denied* 469 U.S. 965 (1984), this court looked at the evidence introduced at trial. There, the plaintiff sued the manufacturer of oral contraceptives, Ortho Pharmaceutical Corporation, for injuries she claimed resulted from her ingestion of the contraceptives. As part of her medical care, the

plaintiff had consulted two physicians, Dr. Hermes and Dr. Wilcox. The plaintiff originally included those two doctors as defendants in her suit. After the pretrial conference and prior to trial, plaintiff settled with the two doctors. On appeal, Ortho argued the trial court erred in refusing to submit the issue of comparative fault of the plaintiff and the plaintiff's two doctors to the jury.

This court first looked to defendant Ortho's answer where it was noted Ortho alleged first, plaintiff was contributorily negligent and second, plaintiff's injuries were caused by the negligence of other parties for whom Ortho was not responsible. At the time of the pretrial conference, the two doctors remained defendants in the case. Defendant Ortho's position at the time of the pretrial conference remained the same. A transcript of the pretrial conference indicated Ortho's position regarding the actions of the two doctors. Plaintiff's counsel questioned defendant Ortho's counsel whether he contended the two doctors had departed from standard approved medical practice or had done anything wrong, and Ortho's counsel responded, "No," and that he did not intend to offer any evidence that the doctors had done anything wrong. After the pretrial conference and shortly before trial, the plaintiff settled with the two doctors and summary judgment in favor of the doctors was entered. The trial court did not allow defendant Ortho to compare the fault of the doctors at trial, stating that defendant Ortho had declined the invitation to do so at the pretrial conference.

On review, this court noted that defendant Ortho's position of not alleging the fault of the two doctors was clear. It was stated:

"Plaintiff's counsel, at pretrial, was concerned with Ortho's position, as reflected in the discussion quoted above. If no settlement was effected, plaintiff needed to be prepared to meet any evidence produced by Ortho of the negligence of the treating physicians. Ortho's position was clearly stated: *It made no claim that the physicians departed from approved medical practice*, and it intended to offer no evidence that the physicians did anything wrong. If the plaintiff's evidence were to disclose fault on the part of the physicians, Ortho reserved the right to argue that. When the matter went to trial, plaintiff offered no evidence of causal negligence on the part of the physicians, and thus it was not necessary for the trial court to submit that issue to the jury. There was no evidence, expert or otherwise, of actionable, causal negligence on the part of Drs. Hermes and Wilcox. Under the circumstances disclosed by the record and the evidence in this case, we

conclude that the trial court did not err in refusing to submit the issue of the comparative negligence of the physicians to the jury." (Emphasis in original.) 235 Kan. at 414.

The facts in the instant case are very similar to those in *Wooderson*. Defendant Fleming failed at the pretrial conference, in his amended answer, and at trial to show the comparative fault of the settling defendants. The language of the pretrial order clearly precludes only the mentioning of the settlement. It did not preclude the defendant from offering evidence at trial as to the fault of the settling defendants.

Defendant Fleming argues the settling defendants are necessary parties pursuant to K.S.A. 60-219(c) and, as such, the plaintiff "should have been compelled to comply with [those] provisions . . . when he filed his Amended Petition rather than trying to shift the burden to the defendant under . . . K.S.A. 60-258a(c)." The issue of whether multi-party tortfeasors are necessary parties was addressed by a federal court in *Greenwood v. McDonough Power Equipment, Inc.*, 437 F. Supp. 707 (D. Kan. 1977). There a defendant argued that other defendants were indispensable parties who must be joined in the action pursuant to K.S.A. 60-258a(c) and, once joined, complete diversity was destroyed and the federal court lost jurisdiction. The federal court, however, ruled that the joinder tests of Rule 19 of the *Federal Rules of Civil Procedure* were not satisfied because complete relief could be afforded to those already a party to the lawsuit even in the absence of the other defendants due to the concept of phantom parties. 437 F. Supp. at 710. That same rationale applies here and there is no reason to require plaintiff to have complied with 60-219(c) when he filed his amended petition.

And finally, defendant Fleming argues he did not know of the settlement agreements and the trial court wrongly dismissed the other defendants from the suit. Defendant Fleming relies on the following language from *Ratterree v. Bartlett*, 238 Kan. 11, 29, 707 P.2d 1063 (1985):

"[T]he potential for injustice is so great from the use of secret settlement agreements in any tort action where there are multiple defendants, whether under joint and several liability or comparative fault principles, that we believe a disclosure rule should be adopted. Therefore, we hereby adopt this rule: When a

settlement agreement is entered into between the plaintiff and one or more, but not all, alleged defendant tortfeasors, the parties entering into such agreement shall promptly inform the court in which the action is pending and the other parties to the action of the existence of the agreement and its terms."

The record clearly reflects that defendant Fleming knew at the time of the pretrial conference the plaintiff had settled with the other defendants and yet defendant Fleming did not seek to allege the fault of those settling defendants. There is no merit in defendant Fleming's claim of lack of knowledge of the settlements. The trial court did not err in denying the defendant's motion for a new trial.

We turn now to the second issue. Did the trial court err in reducing the amount of the verdict by the amount the plaintiff received from the settling defendants?

Defendant Fleming claims Restatement (Second) of Torts § 885(3) (1977) supports the action taken by the trial court. That subsection states:

"A payment by any person made in compensation of a claim for a harm for which others are liable as tortfeasors diminishes the claim against the tortfeasors, at least to the extent of the payment made, whether or not the person making the payment is liable to the injured person and whether or not it is so agreed at the time of payment or the payment is made before or after judgment."

However, Comment *a* to that section states: "The rules stated in this Section apply only when all the parties are liable for the entire harm. When a number of tortfeasors are liable only for proportionate shares of harm . . . the rule does not apply." In Kansas, the individual liability of each defendant for payment of damage is to be based upon proportionate fault. K.S.A. 60-258a(d); *Tice v. Ebeling*, 238 Kan. 704, 707, 715 P.2d 397 (1986). The concept of joint and several liability between joint tortfeasors no longer exists in Kansas. *Ellis v. Union Pacific R.R. Co.*, 231 Kan. 182, 191, 643 P.2d 158, *aff'd on rehearing* 232 Kan. 194, 653 P.2d 816 (1982); *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 5. What this court said in *Brown* bears repeating here:

"There will continue to be occasions under the present comparative negligence statute where unfairness will result. Having considered the arguments in light of the statute, we hold under the provisions of K.S.A. 60-258a the concept of joint and several liability between joint tort-feasors previously existing in this state no longer applies in comparative negligence actions. The individual liability of each defendant for payment of damages will be based on proportionate fault, and

contribution among joint judgment debtors is no longer required in such cases." 224 Kan. at 204.

The cases cited by defendant supporting the proposition that a plaintiff's judgment may be reduced where the plaintiff has settled with some but not all joint tortfeasors are not persuasive because those cases are from jurisdictions which have not abrogated the concept of joint and several liability.

This court finds no authority to support the reduction of plaintiff's judgment against defendant Fleming by the trial court. The effect of the trial court in reducing the plaintiff's verdict was to grant defendant Fleming the right of contribution against the other defendants. However, *Brown v. Keill*, 224 Kan. 195, stands for the proposition that the right of contribution among joint judgment debtors disappeared with the advent of K.S.A. 60-258a. The problem in the present case is that the fault of the settling defendants was not compared by the jury at trial. The issue of settlements under K.S.A. 60-258a where the fault of all defendants was compared by the jury at trial was addressed in *Geier v. Wikel*, 4 Kan. App. 2d 188, 190, 603 P.2d 1028 (1979). There the court stated:

"An injured party whose claim for damages is exclusively subject to the Kansas comparative negligence statute may now settle with any person or entity whose fault may have contributed to the injuries without that settlement in any way affecting his or her right to recover from any other party liable under the act. The injured party is entitled to keep the advantage of his or her bargaining, just as he or she must live with an inadequate settlement should the jury determine larger damages or a larger proportion of fault than the injured party anticipated when the settlement was reached."

In *Teepak, Inc. v. Learned*, 237 Kan. 320, 699 P.2d 35 (1985), one defendant, Teepak, settled with the plaintiff and then, in a separate suit, sought to recover against a second tortfeasor, Learned, whom the plaintiff never sued. This court ruled the district court improperly denied Learned's motion to dismiss as Teepak was not entitled to contribution because Teepak could have brought Learned into the suit for negligence comparison purposes. It was stated:

"The concept of contribution among tortfeasors arises from equitable origins—a person partially causing injury to another but paying for all of the injury should be entitled to contribution thereon from another person causing part of the injury. The equitable need for contribution vanishes when one tortfeasor has the

statutory right to bring other tortfeasors into the action as defendants and have fault (and liability) proportionally determined." 237 Kan. at 325.

K.S.A. 60-258a(c), which allows a defendant to join as parties, or as phantom parties, other defendants, prevents a plaintiff from circumventing proportionate liability by suing only one of several tortfeasors. It is permissive and a defendant is not required to join other parties. *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 370-71, 634 P.2d 1127 (1981). Here, the fault of the settling defendants was not compared at trial because defendant Fleming did not allege or prove the fault of the settling parties. The defendant had the opportunity to have the fault of the settling defendants compared by the jury, and his failure to do so grants no authority to the trial court to reduce the verdict.

We conclude that where the fault of a party is not submitted to the jury pursuant to K.S.A. 60-258a, the court has no authority to reduce the verdict by the amount the plaintiff received from a settlement with that party.

The judgment is affirmed in part and reversed in part and the case is remanded with directions to reinstate the jury verdict as originally entered.