13-704-cv
McCormick v. Cleaver Brooks Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand fourteen.

PRESENT: PIERRE N. LEVAL,
         DENNY CHIN,
         SUSAN L. CARNEY,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - - -x

KELLY MCCORMICK, Individually and
as Administratrix of the Estate of
KIT L. MCCORMICK,
              Plaintiff-Appellee,

              -v-                          13-704

CLEAVER BROOKS CO., INC.,
              Defendant-Appellant.[*]

- - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:      KYLE A. SHAMBERG (Samuel M. Meirowitz, on the brief), Weitz & Luxenberg, P.C., New York, New York.

FOR DEFENDANT-APPELLANT:     SUZANNE M. HALBARDIER (David Schultz, on the brief), Barry, McTiernan & Moore, LLC, New York, New York.

---

[*] The Clerk of the Court is directed to amend the official caption to conform to the above.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Defendant-appellant Cleaver Brooks Company, Inc. ("Cleaver Brooks") appeals from the judgment entered June 12, 2013, awarding plaintiff-appellee Kelly McCormick ("plaintiff") $980,000 and the district court's order rendered from the bench on February 22, 2013, denying its motion for judgment notwithstanding the verdict, or, in the alternative, a new trial. The district court calculated the $980,000 amount based on the jury's determination that Cleaver Brooks was responsible for 60% of the damages. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

Cleaver Brooks advances four arguments on appeal: (1) judgment as a matter of law was warranted because plaintiff did not prove causation; (2) alternatively, the district court should have granted its motion for a new trial because the jury's verdict was against the weight of the evidence; (3) the district court's supplemental jury instruction on the "continuing duty to warn" was improper; and (4) the district court's damages calculation conflicted with Kansas law. After discussing the standards of review, we address each argument in turn.

We review the district court's denial of a motion for judgment as a matter of law <u>de novo</u>, <u>see</u> <u>Highland Capital Mgmt. LP v. Schneider</u>, 607 F.3d 322, 326 (2d Cir. 2010), and the denial

2

of a motion for a new trial for abuse of discretion, see United States v. Rigas, 583 F.3d 108, 125 (2d Cir. 2009). We review jury instructions de novo, "reversing only where, viewing the charge as a whole, there was a prejudicial error." United States v. Quattrone, 441 F.3d 153, 177 (2d Cir. 2006) (internal quotation marks omitted). Finally, whether the district court correctly applied the law in calculating damages is a question of law that we review de novo. Lauder v. First Unum Life Ins. Co., 284 F.3d 375, 379 (2d Cir. 2002). The parties agree that the substantive law of Kansas applies.

First, Cleaver Brooks contends that plaintiff failed to prove that Cleaver Brooks products caused her husband Kit L. McCormick ("McCormick") to contract his injuries. We disagree. McCormick's co-worker, Darryl Schlabach, testified that McCormick worked on Cleaver Brooks boilers from 1974 through the early 1990s, and that McCormick was exposed to asbestos through that work. Schlabach further testified that McCormick removed asbestos from buildings containing Cleaver Brooks boilers between 1987 and the 1990s. Documentary evidence detailing the asbestos in Cleaver Brooks boilers corroborated Schlabach's testimony. The jury therefore had ample evidence from which to find exposure and causation. See Kreppein v. Celotex Corp., 969 F.2d 1424, 1426 (2d Cir. 1992) (jury's finding of causation supported by testimony from co-workers and other record evidence).

Cleaver Brooks's argument that plaintiff's expert, James Strauchen, was improperly permitted to respond to hypothetical questions about the cause of McCormick's asbestos

3

exposure is also meritless. The hypothetical questions at issue were based upon evidence adduced at trial. It is well within the district court's discretion to permit expert testimony to proceed in this fashion. See Werth v. Makita Elec. Works, Ltd., 950 F.2d 643, 648 (10th Cir. 1991) (hypothetical questions are proper basis for expert testimony); Vt. Food Indus., Inc. v. Ralston Purina Co., 514 F.2d 456, 463 (2d Cir. 1975) ("In asking a hypothetical question, the examiner may seek the witness's opinion on any combination of facts within the tendency of the evidence." (internal quotation marks omitted)). We therefore reject Cleaver Brooks's argument that the testimony from Dr. Strauchen and Schlabach, coupled with documentary evidence, did not support a finding of causation.

Third, Cleaver Brooks argues that the jury's verdict was flawed because it apportioned 60% fault to Cleaver Brooks and no fault to the Navy or to four other manufacturers, whose boilers McCormick also worked on while at McConnell Air Force Base. But the jury allocated 30% liability to McConnell Air Force Base and 10% to another manufacturer, Johns-Manville, indicating that it did consider apportionment. The jury's findings are also supported by the fact that Cleaver Brooks did not introduce any evidence of negligence on the part of the other four manufacturers or detail McCormick's alleged exposure in his Navy work. Thus, it was permissible for the jury not to attribute fault to the other manufacturers or to the Navy.

Fourth, Cleaver Brooks appeals the district court's supplemental jury charge on Kansas's continuing duty to warn on

4

two grounds: (1) that it introduced an issue not addressed during trial, and (2) that the supplemental charge conflicted with Kansas law on the issue of a continuing duty to warn. We do not reach the second question because Cleaver Brooks never argued during trial that the language of the supplemental charge was inconsistent with Kansas law. Indeed, immediately after giving the supplemental charge, the district court held a sidebar to solicit objections. Defense counsel stated, "Fine, your Honor, thank you." (App. 597). Accordingly, the issue was not preserved.

We therefore review only the district court's decision to issue a supplemental charge. We reject Cleaver Brooks's argument that a manufacturer's post-sale duty to warn was "uncontemplated" at trial. Plaintiff devoted much of her case to the "ongoing communications over the course of many years between Cleaver-Brooks and McConnell Air Force Base," particularly after 1974. (Appellant's Br. 31). Schlabach's testimony about McCormick's exposure addressed the period from 1974-2005, plaintiff's expert Barry Castleman testified about articles published in the 1970s linking asbestos and cancer, and documentary evidence about Cleaver Brooks communications with McConnell Air Force Base extended well into the 1970s. Accordingly, Cleaver Brooks's argument that it was prejudiced because the supplemental instruction raised an issue that had not been litigated fails.

Finally, we agree with the district court's interpretation of Kansas law in its damages calculation. Cleaver

Brooks argues that Kansas law required the district court to "setoff" the award by the settlements plaintiff reached with other parties before trial. This is incorrect. Under Kansas law, a plaintiff's settlement with an entity that could be held proportionately liable at trial does not affect the plaintiff's right to recover from any other entity. Geier v. Wikel, 603 P.2d 1028, 1030-31 (Kan. App. 1979) ("[S]ince a given defendant in a [comparative negligence action] can be held liable in any event only for that percentage of injury attributable to his fault, a release of that defendant cannot inure to the benefit of potential co-defendants."); accord Glenn v. Fleming, 240 Kan. 724, 732 (1987). Moreover, the district court made the appropriate deductions based upon the jury's apportionment of fault. Cleaver Brooks's objection to the district court's damages computation is therefore meritless.

We have considered appellant's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6