No. 51,730

RITA NEGLEY, *Appellee and Cross-Appellant,* v. MASSEY FERGUSON, INC., *Defendant,* and THE KANSAS POWER AND LIGHT COMPANY, *Appellant and Cross-Appellee,* and ORRLAND, INC., *Defendant-Appellee.*

DARLENE NICHOLS, *Appellee and Cross-Appellant,* v. MASSEY FERGUSON, INC., *Defendant,* and THE KANSAS POWER AND LIGHT COMPANY, *Appellant and Cross-Appellee,* and ORRLAND, INC., *Defendant-Appellee.*

(625 P.2d 472)

Opinion filed March 25, 1981.

*Frederick K. Starrett,* of Fisher, Ochs & Heck, P.A., of Topeka, argued the

cause, and *Robert D. Ochs,* of the same firm, was with him on the briefs for the appellant and cross-appellee.

*John F. Hayes,* of Gilliland, Hayes & Gilliland, of Hutchinson, argued the cause, and *Eugene G. Coombs,* of Coombs, Chartered, of Wichita, was with him on the brief for the appellees and cross-appellants.

*Robert C. Martindell,* of Martindell, Carey, Hunter & Dunn, of Hutchinson, argued the cause and was on the brief for the defendant-appellee.

The opinion of the court was delivered by

FROMME, J.: The present appeal poses questions arising from the interaction between the workmen's compensation law and the comparative negligence statute. In considering these two statutes this court is confronted with the relative equities present when there is a concurrently negligent employer and a negligent third-party tort-feasor. These two cases were consolidated and jointly tried in the district court to a single jury. The cases arose from a single occurrence. Dwight Negley and Robert Nichols were employees of Orrland, Inc. They were electrocuted on the job when a forklift came in contact with overhead power lines owned and maintained by the Kansas Power and Light Company (KP&L). The widows of these workmen were paid workmen's compensation benefits and will continue to receive benefits for the minor children.

The two widows brought wrongful death actions against the manufacturer of the forklift and against KP&L. The employer Orrland, Inc. was brought into the action to determine its attributable share of causal negligence.

The jury returned verdicts as follows:

In the Negley case —

| | |
|---|---|
| KP&L (owner of power lines) | 10% |
| Massey Ferguson (manufacturer of forklift) | 0% |
| Dwight Negley (employee) | 5% |
| Orrland, Inc. (employer) | 85% |

and determined the damages to be $200,000.00;

In the Nichols case —

| | |
|---|---|
| KP&L (owner of power lines) | 10% |
| Massey Ferguson (manufacturer of forklift) | 0% |
| Robert Nichols (employee) | 22% |
| Orrland, Inc. (employer) | 68% |

and determined the damages to be $300,000.00.

Two judgments were entered, one in favor of Rita Negley and against KP&L for $20,000.00, and the other in favor·of Darlene

Nichols and against KP&L for $30,000.00. A right of subrogation in each case was granted to Orrland, Inc. to the extent of the compensation and medical aid provided by it. This subrogation right was claimed under the provisions of the Workmen's Compensation Act, K.S.A. 1980 Supp. 44-504(*b*). The parties have indicated that the employer will be subrogated to the full amounts of both judgments and the plaintiffs will not profit from the actions.

KP&L appeals from these judgments and raises three questions. (1) In a comparative negligence action for wrongful death brought against a third-party tort-feasor and others, is a concurrently negligent employer still entitled to be subrogated to the proceeds of recovery under K.S.A. 1980 Supp. 44-504(*b*) when the employer's causal negligence exceeds forty-nine (49%) percent? (2) Can a plaintiff recover a percentage of his damage from a third-party tort-feasor whose causal negligence is less than that of plaintiff? (3) Did the trial court err in assessing all court costs against KP&L which was only 10% causally negligent?

The Workmen's Compensation Act provides a remedy against negligent third parties and in event of recovery by the employee the employer has subrogation rights. K.S.A. 1980 Supp. 44-504 provides:

"(*a*) When the injury or death for which compensation is payable under the workmen's compensation act was caused under circumstances creating a legal liability against some person other than the employer or any person in the same employ to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the workmen's compensation act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person.

"(*b*) *In the event of recovery from such other person by the injured workman or the dependents or personal representatives of a deceased employee by judgment, settlement or otherwise, the employer shall be subrogated to the extent of the compensation and medical aid provided by him to the date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien: Provided,* That whenever any judgment in any such action, settlement or recovery otherwise shall be recovered by the injured workman, his dependents or personal representative prior to the completion of compensation or medical aid payments, *the amount of such judgment,* settlement or recovery otherwise actually paid and recovered which is in excess of the amount of compensation and medical aid paid to the date of recovery of such judgment, settlement or recovery otherwise *shall be credited against future payments of said compensation or medical aid.* Such action against the other party, if prosecuted by the workman, must be instituted within one (1) year from the date of the injury, and if prosecuted by the dependents or personal

representatives of a deceased workman, must be instituted within eighteen (18) months from the date of such injury." Emphasis supplied.

The provisions of this statute are clear and unambiguous. In the event the employee recovers for the injuries from a third-party tort-feasor the employer shall be subrogated to the extent of the compensation and medical aid provided by the employer. Nothing is said concerning the possible concurrent negligence of the employer. Subrogation rights in the statute are not made dependent upon the absence of concurrent negligence by the employer.

In interpreting the comparative negligence statute, K.S.A. 60-258a, this court held in *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 6, 580 P.2d 867 (1978):

"The intent and purpose of the legislature in adopting K.S.A. 60-258a was to impose individual liability for damages based on the proportionate fault of all parties to the occurrence which gave rise to the injuries and damages even though one or more parties cannot be joined formally as a litigant or be held legally responsible for his or her proportionate fault."

KP&L asserts that it is not only inequitable but it will be in conflict with the intent and purpose of the comparative negligence statute as expressed by this court in *Brown v. Keill* to allow recovery against it. KP&L points out that it was only 10% at fault and the employer Orrland, Inc. was 85% and 68% at fault in these cases. Despite Orrland's major fault, the trial court held Orrland is entitled to the amounts due from KP&L by reason of its right of subrogation.

The interaction and apparent conflict between the workmen's compensation law and the comparative negligence statute raises questions because of the apparent inequities. What is particularly bothersome is the practical result of a concurrently negligent employer profiting from the suit of the employee by obtaining reimbursement of all compensation expenditures. However, this inequity did not originate with the adoption of the comparative negligence statute in Kansas. Comparative negligence was first adopted in Kansas under L. 1974, ch. 239, § 1. In *Houk v. Arrow Drilling Co.,* 201 Kan. 81, 439 P.2d 146 (1968), this court previously held:

"It is no defense in a negligent third party action that the injured workman has received workmen's compensation benefits from his employer for the same injury, nor is it a defense that the employer's negligence may have proximately contributed to the injury. Likewise, the doctrine of assumption of risk is no defense." Syl. ¶ 6.

"Where an employer and his employee are both under the Workmen's Compensation Act and the employer provides the injured employee compensation benefits thereunder pursuant to 44-501, Section 44-504 expressly gives the employer a lien on the first proceeds recovered by the injured workman from a negligent third party, which lien is not abrogated by the employer's negligence which may have proximately contributed to the injury." Syl. ¶ 7.

KP&L also argues that Orrland, Inc. was the real party in interest in this case because it is entitled to the fruits of the action, and Orrland should have been so designated. It further argues that if Orrland is the real party in interest it should not be entitled to recover when it is over 49% causally negligent. A similar argument was made by KP&L in *Rexroad v. Kansas Power & Light Co.*, 192 Kan. 343, 388 P.2d 832 (1964). This court, in rejecting this argument, said:

"It is well settled that the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him, and to the procurement of which the wrongdoer did not contribute. This rule is not affected by the fact that the insurer is entitled to be subrogated to the rights of the insured, as against the tortfeasor, or to recover back from him the amount he recovers. The question of the right to the proceeds of the recovery is a matter between the insurer and the insured. It constitutes no defense to the action for damages caused by the wrong, which must be brought in the name of the insured, although it might be for the use of the insurer. The reasons generally given for the rule are that the contract of insurance and the subsequent conduct of the insurer and the insured in relation thereto are matters with which the wrongdoer has no concern and which do not affect the measure of his liability. [Citation omitted.]

"This has no bearing on the right of a defendant to raise the defense of 'real party in interest,' but once it has been shown that the plaintiff is a real party in interest, the defendant has no further right to bring insurance into the case." pp. 354-55.

The extent and nature of the subrogation rights of an employer under the workmen's compensation statutes are matters for legislative determination. While the theory of comparative negligence and its application depends on tort law, the subrogation rights of an employer, although fixed by statute, arise from and are based on the contract of employment. The terms of K.S.A. 1980 Supp. 44-504 regarding subrogation are considered to be embodied in the contract of employment and they supersede the employer's common-law or statutory liability for negligence. *Houk v. Arrow Drilling Co.*, 201 Kan. at 91.

Other states have struggled with the interaction between the subrogation provisions of their workmen's compensation statutes

and the equities of their comparative negligence laws. The California workmen's compensation statute provides for employer subrogation in suits by an employee against a third-party tortfeasor. Under California's judicially declared comparative negligence, however, an employer is entitled to subrogation only if and when the amount of the workmen's compensation payments exceeds the employer's proportional share of the employee's total damages. The employer's proportional share of damages is based on the employer's share of negligence which contributed to the injuries. *Associated Construction & Engineering Co. v. Workers' Comp. Appeals Bd.,* 22 Cal. 3d 829, 150 Cal. Rptr. 888, 587 P.2d 684 (1978).

In Wisconsin when an employee pursues a third-party action, he or she may by statute retain the first one-third of any recovery plus collection costs. Then the employer is reimbursed for the amount of the workmen's compensation benefits paid. If there is any balance remaining, the balance then goes to the employee. *Mulder v. Acme-Cleveland Corp.,* 95 Wis. 2d 173, 290 N.W.2d 276 (1980).

The right of subrogation in these foreign states depends upon the provisions of their particular workmen's compensation laws. In Montana an employer's negligence has no effect on the employer's right to subrogation. *Cordier v. Stetson-Ross, Inc.,* _____ Mont. _____, 604 P.2d 86 (1979). After examining the laws of these various jurisdictions one thing seems certain. The right of an employer to subrogation when there is concurrent negligence by such employer depends upon the provisions of the workmen's compensation laws of the particular state.

K.S.A. 1980 Supp. 44-501 expresses the obligation of the employer to pay benefits for personal injury by accident arising out of and in the course of employment without regard to negligence. This statute further provides:

"[N]o employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable thereunder nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workmen's compensation is payable by such employer."

The Kansas workmen's compensation statute, K.S.A. 1980 Supp. 44-504, provides that in event of recovery by the injured workman from a third-party tort-feasor, the employer shall be

subrogated to the extent of the compensation and medical aid provided by the employer. This statute provides no reduction in the amount of the subrogation regardless of the percentage of concurrent negligence attributable to the employer. Therefore, the first question raised by appellant must be answered in the affirmative.

We turn now to the second question. Can a plaintiff recover a percentage of his damage from a third-party tort-feasor whose causal negligence is less than that of plaintiff? This issue bears only on the Nichols case where Robert Nichols was found to be 22% causally negligent. Orrland, Inc., the employer, was found to be 68% causally negligent. KP&L was found to be 10% causally negligent. KP&L asserts that a 22% negligent plaintiff should not be allowed to recover from a 10% negligent defendant.

Much has been written on this subject by commentators who have considered the provisions of K.S.A. 60-258a and who have discussed some of the apparent conflicts in the statute. Schwartz, *Comparative Negligence in Kansas—Legal Issues and Probable Answers,* 13 Washburn L.J. 397, 414-415 (1974); Woods, *The New Kansas Comparative Negligence Act—An Idea Whose Time Has Come,* 14 Washburn L.J. 1, 13-14 (1975); Comment, *Brown & Miles: At Last, An End to Ambiguity in the Kansas Law of Comparative Negligence,* 27 Kan. L. Rev. 111, 121-123 (1978); Kelly, *Survey of Kansas Law: Workers' Compensation,* 27 Kan. L. Rev. 377, 390 (1979); Vernon's Kansas C. Civ. Proc. § 258a, pp. 106, 109, 110 (Concannon, 1980 Supp.).

Contrary to what the appellant states, the question has previously been decided in Kansas. In *Brown v. Keill,* 224 Kan. 195, this court considered the following provision of K.S.A. 60-258a:

"(a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party. If any such party is claiming damages for a decedent's wrongful death, the negligence of the decedent, if any, shall be imputed to such party."

The court in *Brown v. Keill* determined that a plaintiff 49% negligent, or less, could recover and stated:

"The individual liability of each defendant for payment of damages will be based

on proportionate fault, and contribution among joint judgment debtors is no longer required in such cases." 224 Kan. at 204.

In *Brown v. Keill*, 224 Kan. at 206, this court went on to hold that when a party to the occurrence giving rise to plaintiff's damages has a valid defense, such as an immunity from such liability, such party's fault should still be considered to determine the other defendant's percentage of fault and liability.

Based on what was said in *Brown v. Keill*, Judge Swinehart, speaking for the Court of Appeals, answered this specific question in *Langhofer v. Reiss*, 5 Kan. App. 2d 573, 620 P.2d 1173 (1980):

"In civil litigation where the doctrine of comparative negligence, as provided in K.S.A. 60-258a, is applicable, a plaintiff's individual negligence will be compared with the collective negligence of multiple defendants as found by the court or jury for the purpose of computing damages." Syl. ¶ 1.

"The negligence of a party seeking damages in a comparative negligence action under K.S.A. 60-258a does not bar recovery of damages so long as the party's negligence is less than the combined causal negligence of all parties against whom recovery is sought." Syl. ¶ 2.

The second question posed by the appellant must, therefore, be answered in the affirmative.

We turn to the final question on the appeal, that of whether the court erred in assessing all court costs against KP&L, which was only 10% causally negligent. In these cases KP&L was the only party against whom recovery could be obtained. Orrland, Inc., the employer, was not liable in this action because of the provisions of the workmen's compensation statutes. KP&L asserts that the costs should be apportioned according to the percentages of fault.

The statute as to costs, K.S.A. 60-2002 (*a*) and (*c*), provides:

"Unless otherwise provided by statute, or by order of the judge, the costs shall be allowed to the party in whose favor judgment is rendered.

. . . .

"The clerk of the court shall tax the costs and, upon request, shall furnish a cost statement to counsel of record for the party ordered by the court to pay costs. The taxation of the costs by the clerk shall be subject to review by the judge on timely motion by any interested party."

Judgments in this case were rendered in favor of the plaintiffs and Orrland, Inc. The comparative negligence statute does not mention costs, only damages. The assessment of costs in the trial court is discretionary with that court. *NEA-Parsons v. U.S.D. No. 503,* 225 Kan. 581, 584, 593 P.2d 414 (1979). The taxing of costs in

the trial court will be reviewed only to determine an abuse of discretion. *Stewart v. Cunningham,* 219 Kan. 374, 381, 548 P.2d 740 (1976). No abuse of discretion appears in the assessment of costs in this case.

## CROSS-APPEAL

The plaintiffs have filed a cross-appeal in this case asking this court to reverse the judgments and remand the cases for a new trial. The first issue raised concerns various instructions given by the court in place of those requested by plaintiffs. The court's Instruction No. 6 was taken directly from PIK Civil 2d 12.81, and it adequately covered the law. Instruction No. 7, although not identical to PIK Civil 2d 7.21, is generally along the same lines and it adequately states the law.

The cross-appellants quarrel with the court's Instruction No. 8 because the court omitted a paragraph requested by plaintiffs. The paragraph requested by plaintiffs pointed out that Orrland, Inc. had been joined in the action for comparison purposes only, that plaintiffs were receiving workmen's compensation payments from Orrland's insurance carrier, that the widows could not recover a judgment against Orrland, Inc., and any percentage of negligence attributed by the jury to Orrland, Inc. could not be collected. What plaintiffs requested in the instruction was obviously improper. Such would present the same danger of prejudice as does the disclosure of insurance in other actions. Disclosure to the jurors of additional sources of compensation received by plaintiff is improper and a request for such a jury instruction should be denied. *Southard v. Lira,* 212 Kan. 763, 770, 512 P.2d 409 (1973); *Rexroad v. Kansas Power & Light Co.,* 192 Kan. 343; *Davison v. Eby Construction Co.,* 169 Kan. 256, 261, 218 P.2d 219 (1950).

The contention is made that it is inappropriate for the judgments to result solely for the benefit of Orrland, Inc., since Orrland was guilty of the major percentage of the causal negligence. This issue was considered and determined adversely to this contention in this opinion on the appeal of KP&L.

The judgment is affirmed on both appeal and cross-appeal.