No. 53,604

JAMES A. FORSYTHE, *Plaintiff*, v. COATS COMPANY, INC., *Defendant*.

(639 P.2d 43)

Opinion filed January 15, 1982.

*Lynn R. Johnson,* of Schnider, Shamberg & May, Chartered, of Shawnee Mission, argued the cause, and *Mark A. Johnson,* of the same firm, was with him on the brief for the plaintiff.

*Edward W. Mullen,* of Deacy & Deacy, of Kansas City, Missouri, argued the cause, and *Gerald L. Rushfelt,* of Rushfelt, Mueller, Druten & Moran, of Overland Park, was with him on the brief for the defendant.

*Richard C. Hite* and *Arthur S. Chalmers,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, were on the *amicus curiae* brief for the Kansas Association of Defense Counsel.

*Donald W. Vasos* and *Michael E. Callen,* of Kansas City, were on the *amicus curiae* brief for the Kansas Trial Lawyers Association.

The opinion of the court was delivered by

FROMME, J.: This case comes to the court by way of certification from the United States District Court for the District of Kansas under authority of the Uniform Certification of Questions of Law Act, K.S.A. 1980 Supp. 60-3201 *et seq.*

The case is a products liability action in which plaintiff claimed the defendant manufacturer was liable to him for personal injuries under the theory of strict liability in tort for design or manufacturing defects in a product. The product was a tire changer manufactured by the defendant, Coats Company, Inc. Plaintiff was an employee of Amoco Oil Company, which company purchased the tire changer for use by its employees. Amoco Oil Company was immune from suit by reason of the Workmen's Compensation Act. Defendant Coats Company claimed that

plaintiff unreasonably misused the product and assumed the risk of injury from the alleged defects in the product. Defendant Coats Company further claimed that Amoco was also at fault and contributed to the cause of plaintiff's injuries by improperly modifying the machine, failing to maintain the machine, and failing to provide plaintiff with warnings or instructions as to use of the machine.

The case was tried to a jury and the jury returned a verdict apportioning 65% of the causal fault to plaintiff, 20% to Amoco, and 15% to the Coats Company. The matter is pending before the federal trial court on defendant's motion for entry of judgment. The motion is based on a contention that since plaintiff was found to be 65% at fault recovery is barred by K.S.A. 60-258a(a), or alternatively barred by the common law of Kansas relating to assumption of risk or improper use of the product. Jurisdiction of the federal court is founded solely on diversity of citizenship. The substantive law of Kansas governs the action.

In certifying the question to this court, Judge O'Connor correctly points out that since the case of *Kennedy v. City of Sawyer,* 228 Kan. 439, 618 P.2d 788 (1980), was decided by this court, there is no longer any doubt that the doctrine of comparative fault or comparative causation is applicable to strict liability claims. This result was predicted in *Stueve v. American Honda Motors Co., Inc.,* 457 F. Supp. 740 (D. Kan. 1978). Judge O'Connor points out further that this court has held that a plaintiff can recover a percentage of his damage from a third-party tortfeasor, even though the latter's causal negligence was less than that of plaintiff. See *Negley v. Massey Ferguson, Inc.,* 229 Kan. 465, 625 P.2d 472 (1981), and *Brown v. Keill,* 224 Kan. 195, 580 P.2d 867 (1978).

In support of its motion for judgment, defendant Coats Company relies on language found in *Kennedy v. City of Sawyer,* 228 Kan. 439; *Thomas v. Board of Trustees of Salem Township,* 224 Kan. 539, 582 P.2d 271 (1978); *Wilson v. Probst,* 224 Kan. 459, 581 P.2d 380 (1978); and *Arredondo v. Duckwall Stores, Inc.,* 227 Kan. 842, 610 P.2d 1107 (1980). Defendant argues that Kansas law recognizes only one type of comparative fault—the modified comparative fault system set forth in K.S.A. 60-258a.

On the other hand, plaintiff points to the opinion in *Stueve v. American Honda Motors Co., Inc.,* 457 F. Supp. 740, in which

Judge Rogers of the United States District Court of Kansas observed that the application of comparative liability in its "pure form" would most effectively carry out the public policy on equitable loss allocation in product liability cases. However, Judge Rogers was careful to point out that his observation in *Stueve* did not decide the question of whether a "pure" or "modified" comparative liability system was to be employed in Kansas. That question of Kansas law was left to a decision of this court. We are now confronted with that question.

The question certified to this court is as follows:

"In an action based on strict liability in tort (Restatement of Torts, Second, § 402A) for alleged design or manufacturing defects in a product, what judgment should be entered where the jury's verdict attributes 65% of the causal fault to plaintiff, 20% to plaintiff's immune employer, and 15% to defendant?"

It may be helpful to review some of the history of comparative negligence in Kansas. In 1974, the Kansas legislature enacted what is now K.S.A. 60-258a. In pertinent part it provides:

"(a) The contributory negligence of any party in a civil action shall not bar such party or said party's legal representative from recovering damages for negligence resulting in death, personal injury or property damage, if such party's negligence was less than the causal negligence of the party or parties against whom claim for recovery is made, but the award of damages to any party in such action shall be diminished in proportion to the amount of negligence attributed to such party."

Under subsequent Kansas cases the statute applies in any action where the comparative negligence of two or more parties must be determined. *Miles v. West*, 224 Kan. 284, 580 P.2d 876 (1978). The term negligence found in this statute has been liberally interpreted to apply in cases arising from road defects which actions had traditionally been considered as arising strictly from a liability created by statute. *Thomas v. Board of Trustees of Salem Township*, 224 Kan. 539; *Wilson v. Probst*, 224 Kan. 459. In *Arredondo v. Duckwall Stores, Inc.*, 227 Kan. 842, this court held that the comparative negligence statute was applicable to a claim based on the violation of K.S.A. 21-4209(a), which statute prohibits the sale of gunpowder to a minor. In *Arredondo* a violation of the statute resulted in the imposition of strict liability on the seller. A violation of this statute amounts to negligence per se.

In *Kennedy v. City of Sawyer*, 228 Kan. 439, this court held the doctrine of comparative fault liability is applicable to both strict liability claims and claims based on implied warranty in products

liability cases. *Kennedy v. City of Sawyer,* 228 Kan. 439, Syl. ¶ 4. This court went further and judicially adopted a form of comparative implied indemnity between joint tortfeasors, so on a settlement of plaintiff's entire damages by one tortfeasor during the pendency of a comparative negligence action, an apportionment of responsibility for plaintiff's damages based on comparative fault liability would be possible. On page 460 of the opinion it is stated:

"Although the plaintiffs (Kennedys) may have been dismissed from the action their comparative causal responsibility need not be determined except to ascertain that their causal negligence was not in excess of 49%. If it is determined to be in excess of 49%, no right to recover in the action existed and any claim for indemnity should be denied because of failure to establish actual legal liability."

These statements could have envisioned only the application of the modified comparative fault system, not a pure system.

In *Kennedy,* speaking of policy decisions, this court said:

"The defenses of assumption of risk and product misuse in strict liability actions were recognized by the courts because of a desire to soften the harsh barring effect of traditional rules of contributory negligence upon a plaintiff. The term assumption of risk as used herein refers to the action of a party in exposing himself or herself to a danger after that danger is both known and appreciated. The degree of misconduct necessary to bar a plaintiff's claim was enlarged in such cases by requiring a greater culpability if the claim were to be barred.

"Comparative negligence concepts also came as a result of a desire to soften the 'all or nothing' rule of common law contributory negligence. [Citations omitted.]

"In this context, strict liability and comparative negligence are akin in that an injured plaintiff need not negate completely his own wrongdoing to recover something in the action. Comparative liability provides a system for allocating responsibility for an injury while still serving the social policy of not allowing a manufacturer or seller to escape liability for defective products merely because of slight culpability on the part of the product user in bringing about the injury." 228 Kan. at 449-50.

The *Kennedy* decision was followed by *Albertson v. Volkswagenwerk Aktiengesellschaft,* 230 Kan. 368, 634 P.2d 1127 (1981), in which we pointed out in Syllabus ¶ 1 that this court had judicially adopted the modified system statutorily set out in K.S.A. 60-258a and applied it to actions in strict liability.

It would appear that under the reasoning of prior Kansas decisions the system of modified comparative negligence, codified in K.S.A. 60-258a, would apply to actions sounding in strict liability. However, we have now reached the crossroads. It would be possible, based on a Kansas public policy decision, to judi-

cially apply a pure comparative negligence system to strict liability actions while preserving the modified statutory system in other actions sounding in tort. If we adopt a pure system for strict liability actions some of our statements in certain cases leading up to the present might have to be disapproved but such could be done since these prior cases did not directly pose the present question.

The choice between pure or modified comparative negligence was a policy decision made by the legislature when it adopted K.S.A. 60-258a. This court recognized that the application of any system of comparative negligence, pure or modified, to strict liability cases involved a balancing between the goals of strict liability and comparative negligence. *Kennedy v. City of Sawyer,* 228 Kan. at 450. In interpreting the Kansas policy toward pure or modified comparative negligence we should determine whether the application of a pure system of comparative negligence to strict liability cases would thwart the policy underlying the adoption of K.S.A. 60-258a by the legislature. In attempting to determine social policy, this court cannot ignore the public policy as declared by the legislature in enacting the comparative negligence statute. If this court adopts pure comparative fault for actions based on strict liability, such adoption would cause court intrusion into a legislative sphere. This would also result in having both the pure and the modified systems of comparative negligence in Kansas. The pure system would have been adopted by judicial decree for strict liability cases, and the modified system adopted by legislative enactment for other cases sounding in tort.

Despite its deficiencies, the 49% rule of the legislature represents the established public policy underlying current Kansas negligence law. The 49% rule is not inherently inconsistent with the policies of strict liability. It does soften the "all or nothing" rule of common law where there is contributory negligence, assumption of risk, or unreasonable use of a product. The 49% rule adopted by the legislature may be harsh but it was legislatively adopted as a policy consideration. This court, after considering the case law in this state, chooses to promote and enhance rather than frustrate what it considers to be the public policy declared by the legislature in enacting the modified comparative negligence statute. We hold the system of modified comparative

negligence, codified in K.S.A. 60-258a, applies to cases tried under strict liability in tort.

Accordingly, in response to the question of law certified by Earl E. O'Connor, Chief Judge, United States District Court for the District of Kansas in the above captioned case, judgment should be entered for the defendant, Coats Company, Inc.