(695 P.2d 1293)
No. 55,876

ARCHIE ANDERSON, *Appellant* and *Cross-Appellee*, v. NATIONAL CARRIERS, INC., a Kansas Corporation, *Appellee* and *Cross-Appellant*.

Opinion filed February 28, 1985.

*Lelyn J. Braun*, of Lelyn J. Braun, Chartered, of Garden City, for appellant and cross-appellee.

*Gene H. Sharp*, of Neubauer, Sharp, McQueen, Dreiling & Morain, P.A., of Liberal, for appellee and cross-appellant.

Before SWINEHART, P.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: This is a personal injury case. The plaintiff, Archie Anderson, was injured on the premises of his employer, National Beef Packing Company, (National Beef), when a semitrailer driven by an employee of defendant, National Carriers, Inc., (National Carriers) backed over Anderson. The case was tried to a jury as a comparative negligence action. The jury attributed 29 percent fault to Anderson, 22 percent fault to National Carriers and 49 percent fault to National Beef, and found total damages in the amount of $700,000.

The plaintiff appeals and defendant cross-appeals. Plaintiff's contentions are largely centered around National Beef's having paid workers' compensation to plaintiff and its being included as a phantom defendant, thereby precluding the plaintiff from arguing and the trial court from instructing the jury as to the consequences of workers' compensation and the relationship between National Beef and National Carriers. Plaintiff also contends the trial court erred in not granting plaintiff's motion for a directed verdict on causation. National Carriers' cross-appeal contends its truck driver was a borrowed servant insofar as National Beef is concerned, and thus National Carrier is shielded from liability because of the Kansas Workmen's Compensation Act.

National Carriers and National Beef are wholly owned subsidiaries of Idle Wild Foods, Inc., which is engaged in food processing and distribution. National Beef operates a beef packing plant in Liberal, Kansas. National Carriers leases offices at National Beef's plant site. National Carriers hauls National Beef products over the road and also provides a hostler service at the plant. The hostler service consists of disconnecting the over-the-road tractor from the semitrailer and using a hostler tractor to transport the semitrailers around the plant site for cleaning, parking and loading. National Beef pays a monthly fee to National Carriers for the hostler service. All three entities are insured under the same workers' compensation insurance policy.

At the time of his injury, the plaintiff was employed by National Beef as a welder in the maintenance department. When the accident occurred, plaintiff was walking across plant grounds, returning to his job site after a job-related errand. National Carrier's employee, a hostler tractor operator, was backing a trailer to a warehouse loading dock at National Beef's plant when he struck and ran over the plaintiff. The plaintiff received severe pelvic, back and leg injuries caused by the dual wheels of the trailer passing over him.

Testimony at trial revealed that the truck driver could not see plaintiff in the mirrors of his hostler because of a blind spot. The plaintiff was struck from behind and did not see the trailer until after he was hit. The engines and power generators of National Beef's plant are in the area where the accident occurred. They produce a high noise level, making it difficult for anyone to hear. All live cattle and butchered beef are trucked through the area where the accident occurred, and the same area is used by plant employees on foot. No attempt had been made to separate vehicular and pedestrian traffic.

The plaintiff recovered workers' compensation benefits from his employer, National Beef, and then sued National Carriers for negligence. National Carriers claimed National Beef's negligence contributed to plaintiff's injuries and joined National Beef for comparative fault purposes.

Two questions are presented by defendant's cross-appeal: (1) Is this negligence action barred by the exclusive remedy provision of the Kansas Workmen's Compensation Act? (2) Is it error to treat National Beef, plaintiff's employer, as a "phantom party" to determine National Beef's proportionate fault where it has paid workers' compensation benefits?

The exclusive remedy provision of worker's compensation law provides that no employer, or other employee of such employer, shall be liable for any injury for which compensation has been provided under the Workmen's Compensation Act. K.S.A. 44-501. Under this statute, a common-law negligence action cannot be maintained by an injured employee against his employer or a co-employee if the injured employee recovered workers' compensation benefits from the employer. *Fugit, Administratrix v. United Beechcraft, Inc.*, 222 Kan. 312, 564 P.2d 521 (1977). However, an injured employee is not barred from suing third-

party tortfeasors. K.S.A. 1984 Supp. 44-504(a). *Negley v. Massey Ferguson, Inc.,* 229 Kan. 465, 625 P.2d 472 (1981).

For National Carriers to prevail on the exclusive remedy defense, it has the burden of proof to establish the existence of an employment relationship between it and plaintiff. *Orr v. Holiday Inns, Inc.,* 6 Kan. App. 2d 335, 336-37, 627 P.2d 1193, *aff'd* 230 Kan. 271, 634 P.2d 1067 (1981). Defendant has failed to establish this relationship. First, the pretrial order stipulates that plaintiff is an employee of National Beef and the hostler operator is an employee of defendant. Second, workers' compensation benefits were recovered against National Beef, not defendant. The plaintiff is suing National Carriers, not National Beef or its employee.

The factual situation in this case is a subcontracting one. National Beef contracted with National Carriers for the hostler service (hostler tractors and operators), which was provided to National Beef for a monthly charge. Assuming that National Carriers was the subcontractor and National Beef the "principal" (to use the language of K.S.A. 44-503[a]), and that the contractor's employee, the hostler operator, became a statutory employee of the principal, National Beef, for the purpose of workers' compensation, it would be of no comfort to National Carriers. K.S.A. 44-503 addresses the situation in which the contractor's employee is the injured worker. It prevents such an employee from maintaining a common-law action against the principal. His or her exclusive remedy is workers' compensation. All of the cases applying K.S.A. 44-503(a) and the exclusive remedy defense involve an injured employee of a subcontractor, not of a principal such as in the case at bar. *Zehring v. Wickham,* 232 Kan. 704, 658 P.2d 1004 (1983); *Woods v. Cessna Aircraft Co.,* 220 Kan. 479, 553 P.2d 900 (1976); *Hataway v. Procter & Gamble Manufacturing Co.,* 195 Kan. 335, 405 P.2d 350 (1965); *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P.2d 239 (1951).

The purpose of K.S.A. 44-503 is to give employees of a subcontractor a remedy against the principal and to prevent the principal from evading liability by using a subcontractor to do part of the work undertaken by the principal. A principal is relieved of liability for its negligence in causing an injury to a subcontractor's employee when it has an obligation imposed by the Workmen's Compensation Act to pay benefits to the injured

employee. The act, however, imposes no duty on a subcontractor to pay compensation benefits to an injured employee of the principal unless the principal's employee is a borrowed servant of the subcontractor when the accident occurs, a fact not present in this case. There is therefore no basis or reason to grant immunity to a subcontractor that negligently inflicts an injury on an employee of a principal contractor.

In determining whether an entity has immunity from a common-law action for liability for personal injuries to a worker under the Kansas Workmen's Compensation Act, the test is whether a worker can recover workers' compensation benefits from the employer for an injury. If so, the remedy under the act is exclusive and a common-law negligence action against an employer is barred. *Zehring v. Wickham*, 232 Kan. 704. If not, the Kansas Workmen's Compensation Act does not preclude a common-law negligence action against National Carriers. In the case before us, the injured worker could not recover compensation benefits from National Carrier for his injuries; thus, the act does not preclude a common-law negligence action against National Carriers. The plaintiff, therefore, does not qualify as a statutory employee of the defendant and the trial court did not err by holding that National Carrier is a third-party tortfeasor not immune from suit.

The second point of the cross-appeal addresses the trial court's joinder of the plaintiff's employer, National Beef, in the negligence action to consider its proportionate fault. The plaintiff recovered workers' compensation benefits from National Beef. National Beef was immune from suit under the exclusive remedy provision of the Workmen's Compensation Act. K.S.A. 44-501. *Scales v. St. Louis-San Francisco Ry. Co.*, 2 Kan. App. 2d 491, 498-99, 582 P.2d 300 (1978). Therefore, National Beef cannot be made an actual party to the negligence action or be held liable for its proportionate fault.

National Beef, however, is a necessary party for the purpose of considering and allocating proportionate fault. Kansas's comparative negligence statute provides:

"On motion of any party against whom a claim is asserted for negligence resulting in death, personal injury or property damage, any other person whose causal negligence is claimed to have contributed to such death, personal injury or property damages shall be joined as an additional party to the action." K.S.A. 60-258a(c).

Under this provision, National Beef, although an immune employer, may be joined by the defendant as a "phantom party" for comparison purposes. *Brown v. Keill*, 224 Kan. 195, 580 P.2d 867 (1978). This is true even where the immunity arises by reason of workers' compensation. *Forsythe v. Coats Co.*, 230 Kan. 553, 639 P.2d 43 (1982); *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465.

A party named as a defendant in a negligence action can join other parties to determine their comparative fault. K.S.A. 60-258a(c); *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766, Syl. ¶ 6, 667 P.2d 289 (1983). We conclude that the employer's retention in the negligence action for mere comparison purposes was proper.

Additional issues raised by plaintiff's appeal concern alleged errors in the trial court. Plaintiff contends that he should have been permitted to disclose to the jury that he recovered workers' compensation benefits from National Beef.

Plaintiff has cited no Kansas cases wherein evidence of workers' compensation benefits recovered by an employee was admissible in a negligence action. This question is governed by the collateral source doctrine which prohibits disclosure of additional sources of compensation. The general rule is that workers' compensation benefits are inadmissible. 22 Am. Jur. 2d, Damages § 209. Kansas is in accord and has so held in *Negley v. Massey Ferguson, Inc.*, 229 Kan. at 473. In *Negley*, the plaintiffs requested an instruction to point out that the employer had been joined for the purpose of comparison only, that any negligence attributed to the employer could not be collected, and that the plaintiffs were receiving workers' compensation payments from the employer's insurance carrier. The Supreme Court held that such an instruction would be improper. Disclosure of workers' compensation presents the same danger of prejudice as does the disclosure of insurance in other actions. Likewise, an employer's subrogation lien under K.S.A. 1984 Supp. 44-504(b) of workers' compensation is inadmissible as an additional source of compensation. *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. at 769. Thus, the trial court did not err in excluding evidence of workers' compensation recovery in the negligence action.

Next, the plaintiff argues that he should have been permitted to explain to the jury why National Beef did not present evidence

and defend against the claim of negligence at trial, about National Beef's posture in the negligence action as a phantom party, and the effect of plaintiff's recovery of workers' compensation upon the negligence action. These disclosures are precisely the same matters on which the plaintiff in *Negley* requested an instruction. Such an instruction is improper. *Negley v. Massey Ferguson, Inc.*, 229 Kan. at 473.

Moreover, these disclosures are inadmissible on relevancy grounds. The basic rule was recently stated and applied in *Allman v. Holleman*, 233 Kan. 781, 667 P.2d 296 (1983), wherein the court recognized that all *relevant* evidence is admissible unless otherwise excepted by statute. K.S.A. 60-407(f). Relevant evidence is defined as evidence that has a tendency in reason to establish a material fact. *Schmeck v. City of Shawnee*, 232 Kan. 11, 32, 651 P.2d 585 (1982). In the instant case, evidence of the nature of a workers' compensation relationship and its effect has no bearing on whether the respective parties were at fault and allocating a percentage of fault. Thus, workers' compensation is not relevant in an action tried on a negligence theory. The trial court did not err in excluding the evidence.

The plaintiff's next point on appeal is the trial court's denial of plaintiff's motion for a directed verdict as to National Beef's negligence. The plaintiff argues that there was no evidence of a breach of duty by National Beef to support an allocation of fault. Rather, any negligence shown by the evidence could be attributed only to the defendant National Carriers.

The standard of appellate review of a motion for directed verdict requires this court to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and when the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. *Iola State Bank v. Bolan*, 235 Kan. 175, 187, 679 P.2d 720 (1984).

National Beef's alleged negligence was in failing to provide a safe work place to its employee, the plaintiff. There is ample evidence from which the jury could infer that National Beef breached its duty. There is also ample evidence to show that this breach was a contributing cause to plaintiff's injury. Testimony was produced at trial relating the busy traffic conditions at

National Beef's plant, the noise level and shared vehicle/pedestrian traffic of the same right-of-way. Evidence of these conditions is such that a jury could reasonably infer an unsafe work place at National Beef's packing plant. Based on the record before us and our standard of review, we are of the opinion that the trial court properly overruled plaintiff's motion for a directed verdict.

We have examined the plaintiff's remaining arguments and find them to be without merit.

Affirmed.