(717 P.2d 1068)

No. 58,405

ARCHIE ANDERSON, *Appellee,* v. NATIONAL CARRIERS, INC., a Kansas Corporation, and TRAVELERS INSURANCE COMPANY, Lien Intervenor, *Appellants.*

Opinion filed April 24, 1986.

*Ken W. Strobel,* and *B. G. Larson,* of Williams, Larson, Strobel, Estes & Malone, P.A., of Dodge City, for appellants.

*Lelyn J. Braun,* of Lelyn J. Braun, Chartered, of Garden City, for appellee.

Before Brazil, P.J., Steven P. Flood, District Judge, assigned, and Adrian J. Allen, District Judge, assigned.

Allen J.: This is an appeal by defendant National Carriers, Inc., and Travelers Insurance Company (Travelers), lien intervenor, from the judgment of the District Court of Seward County, Kansas, in which the lien intervenor's subrogation lien was reduced by the percentage of fault attributed to the plaintiff's employer in a third-party action allowed by K.S.A. 1985 Supp. 44-504(a), and in which the plaintiff's attorney was awarded one-third of the amount of the subrogation lien as attorney fees.

On November 24, 1980, Archie Anderson (plaintiff) was injured while working on the premises of his employer, National Beef Packing Co. (National Beef). The injuries were sustained when a semitrailer driven by an employee of the defendant backed over the plaintiff. National Beef and National Carriers are both wholly owned subsidiaries of Idle Wild Foods, Inc. All three companies have workers' compensation insurance coverage through Travelers.

The plaintiff received a total of $96,219.39 in workers' compensation payments from National Beef and Travelers as a result of these injuries. On December 21, 1981, the plaintiff filed a lawsuit in Seward County District Court against National Carriers as the owner and operator of the truck which caused the plaintiff's injuries. Travelers filed a notice of lien and intervention with the district court to preserve its subrogation lien for workers' compensation benefits paid to the plaintiff. The case was tried to a jury as a comparative fault action. The jury attributed 29% fault to the plaintiff, 22% fault to the defendant National Carriers, and 49% fault to the employer National Beef. The jury found total damages to be $700,000.00. Therefore, the trial court entered a judgment against National Carriers for $154,000.00, which was 22% of the total damages found. Plaintiff and defendant National Carriers both appealed from the trial court's decision. This court affirmed the decision on February 28, 1985. *Anderson v. National Carriers, Inc.*, 10 Kan. App. 2d 203, 695 P.2d 1293, *rev. denied* 237 Kan. 886 (1985).

Subsequently, National Carriers paid to the district court the amount of judgment ($154,000.00) with interest accrued from the date of judgment. This amount was invested in an interest-bearing account pending disbursement. In a letter ruling dated June 12, 1985, and a journal entry dated June 13, 1985, the district

court reduced Travelers' subrogation claim of $96,219.39 by the percentage of fault attributed to the employer, National Beef (49%). The district court based its decision on the terms of the compromise settlement between the employer and the employee which was executed on July 6, 1982. The district court also reduced the subrogation lien by one-third as attorney fees for plaintiff's counsel.

The first issue is whether the district court erred in ordering that the subrogation lien in favor of the plaintiff's employer and Travelers be reduced by the percentage of fault attributed to the employer.

Travelers argues that the district court's reduction of its subrogation lien was erroneous for two reasons. First, the statute allowing reduction of the employer's subrogation lien, K.S.A. 1985 Supp. 44-504(d), could not be applied in this case since the accident leading to the cause of action occurred prior to the effective date of the statute. Second, Travelers argues that the compromise settlement agreement entered into by the parties should not be interpreted to allow reduction of the employer's subrogation lien.

K.S.A. 1985 Supp. 44-504(a) allows an employee who is injured by a third party to sue such third party for damages and still be entitled to workers' compensation benefits. In the event the employee recovers a judgment, the employer is subrogated "to the extent of the compensation and medical aid provided by the employer." K.S.A. 1985 Supp. 44-504(b). Prior to 1982, K.S.A. 44-504 did *not* provide for reduction of an employer's subrogation lien if the employer was found to be partially at fault for the employee's injuries, even though K.S.A. 60-258a provided for comparative fault. The Kansas Supreme Court recognized the inequities in allowing a partially negligent employer to recover full subrogation in *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465, 468-69, 625 P.2d 472 (1981). However, the Supreme Court refused to reduce the employer's lien since "[t]he extent and nature of the subrogation rights of an employer under the workmen's compensation statutes are matters for legislative determination." 229 Kan. at 469.

To remedy this inequity, the Kansas Legislature amended K.S.A. 44-504 effective July 1, 1982, by adding subsection (d). This provision reads:

"(d) If the negligence of the worker's employer or those for whom the employer is responsible, other than the injured worker, is found to have contributed to the party's injury, the employer's subrogation interest or credits against future payments of compensation and medical aid . . . shall be diminished by the percentage of the damage award attributed to the negligence of the employer or those for whom the employer is responsible, other than the injured worker." K.S.A. 1985 Supp. 44-504(d).

Travelers contends that this provision was retroactively applied since the accident involved in this case occurred prior to the enactment of K.S.A. 1985 Supp. 44-504(d). As a general rule, a statute will only operate prospectively unless the statute clearly indicates legislative intent for it to operate retroactively. *Tew v. Topeka Police & Fire Civ. Serv. Comm'n*, 237 Kan. 96, 103, 697 P.2d 1279 (1985); *Kopp's Rug Co. v. Talbot*, 5 Kan. App. 2d 565, 568-69, 620 P.2d 1167 (1980).

The Kansas Supreme Court has interpreted K.S.A. 1985 Supp. 44-504(d) and has held that it only operates prospectively. *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766, 768-69, 667 P.2d 289 (1983). Therefore, it is necessary to determine whether the district court applied the statute retroactively in this case. Here, the injury to the employee occurred on November 24, 1980. The plaintiff-employee filed an amended petition against National Carriers on December 30, 1981. The trial leading to a judgment against National Carriers began on April 19, 1983, and the verdict was returned on April 22, 1983.

The appellate courts of Kansas have dealt with the problem of retroactive application of amendments to the workers' compensation statutes several times. In *Johnson v. Warren*, 192 Kan. 310, 387 P.2d 213 (1963), the Supreme Court dealt with a 1961 amendment which allowed an increased amount of medical benefits to be paid to injured workers. The court held that the increase in benefits could not be retroactively applied to injuries incurred prior to the effective date of the amendment. The court stated:

"The liability of an employer to an injured employee is a liability arising out of a contract between them, and the terms of the statute are embodied in the contract [citation omitted]; the injured employee must therefore recover upon the contract with his employer, and the cause of action accrues on the date of the injury. [Citations omitted.] Where parties are under the compensation act their substantive rights are determined by the law in effect on the date of the workman's injury. [Citation omitted.]" 192 Kan. at 313-14.

While this language would appear to apply to all rights be-

tween the employer and employee, including the employer's right to subrogation, it should be noted that in *Johnson v. Warren*, 192 Kan. 310, and all other similar workers' compensation cases, the courts dealt with legislative amendments which directly affected the employer's liability for benefits to the injured employee. For example, in *Lyon v. Wilson*, 201 Kan. 768, 443 P.2d 314 (1968), the issue was the application of 1967 amendments which altered the conditions for which compensation would be paid to an injured employee in heart cases. The Supreme Court held that the amendments, which affected the amount of compensation, were not applicable to injuries which occurred prior to the effective date of the statute. Similarly, in *Horton v. Fleming Co.*, 3 Kan. App. 2d 121, 590 P.2d 594, *rev. denied* 225 Kan. 844 (1979), this court refused to retroactively apply the repealed setoff provision which would affect the employer's liability to the employee for an injury which occurred prior to the repeal. These cases are distinguishable from the case at bar for the reason that in these cases the courts' emphasis was to avoid the retroactive application of amendments which would affect the amount of compensation due an injured workman.

This case does not involve the amount of compensation due an injured workman under the Workmen's Compensation Act. This case involves the employer's right of subrogation to the extent of the compensation and medical aid provided by the employer to the employee and the employer's lien on a judgment obtained by the employee against a third-party tortfeasor. The employer's right to subrogation and a lien on the judgment obtained by the employee is provided by K.S.A. 1985 Supp. 44-504(b) which commences with the words, "[i]n the event of recovery." The right to subrogation therefore only arises in cases where the injured workman obtains a judgment against a third-party tortfeasor and there is no right to subrogation unless and until the injured workman has obtained a judgment against the third-party tortfeasor.

"Rights are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. On the other hand, a mere expectancy of future benefit, or a contingent interest in property founded on anticipated continuance of existing laws, does not constitute a vested right." *Board of Greenwood County Comm'rs v. Nadel*, 228 Kan. 469, 473-74, 618 P.2d 778 (1980).

In this case, damages were awarded on April 22, 1983, over nine

months after the effective date of amendment (d) to 44-504. Since the statutory subrogation right does not exist until there is a recovery, the amended statute was not retroactively applied in this case. This finding is implicitly supported by the Kansas Supreme Court's decision in *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766. In *McGraw*, the court based its analysis on the fact that "at the time of trial" the existing workers' compensation statutes did not reduce an employer's subrogation lien. 233 Kan. at 768. The court did not mention the date of the accident when discussing the retroactive application of the statute. For the foregoing reasons, the application of K.S.A. 1985 Supp. 44-504(d) to this case would not be retroactive.

Travelers also contends that the district court erred by interpreting the compromise settlement entered into by the parties. The district court found that the parties intended to allow Travelers its subrogation claim, less the percentage of fault attributed to the employer. In the compromise settlement, the parties specifically referred to K.S.A. 44-504. The settlement read in part:

"It is understood by the claimant that the respondent, Idle Wild Foods, and insurance carrier, Travelers Insurance Co., does not by this settlement waive its statutory Workers' Compensation subrogation lien as to any recovery made by the claimant pursuant ti [*sic*] K.S.A. 44-504."

This compromise settlement was agreed to by the parties on July 6, 1982, five days *after* the effective date of K.S.A. 1985 Supp. 44-504(d).

The scope of appellate review is broader when interpretation of contracts is involved. Furthermore, since the issues on appeal were submitted to the trial court on an agreed stipulation of facts and documentary evidence, the appellate court has the same opportunity to consider and evaluate the evidence as the trial court. *Cosgrove v. Young*, 230 Kan. 705, 716, 642 P.2d 75 (1982).

"It is a general rule that contracting parties are presumed to contract with reference to the existing law; indeed, they are presumed to have in mind all the existing laws relating to the contract, or to the subject matter thereof. Thus, it is commonly said that all existing applicable or relevant and valid statutes . . . at the time a contract is made become a part of it and must be read into it as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention. Following *Steele v. Latimer*, 214 Kan. 329, 336, 521 P.2d 304 (1974)." *Cairo Cooperative Exchange v. First Nat'l Bank of Cunningham*, 228 Kan. 613, Syl. ¶ 2, 620 P.2d 805 (1980).

In reading the settlement agreement as a whole, it is clear that

Travelers did not intend to waive its right to subrogation. At that time, the existing law provided that the statutory subrogation lien was diminished by the percentage of fault attributed to the employer. This interpretation does not result in a waiver of Travelers' subrogation lien; it merely interprets the "statutory subrogation lien" retained by the employer and its insurance carrier. The settlement agreement does not disclose any intention by the parties indicating they are not contracting with reference to existing law. The trial court therefore correctly found that the agreement was intended to allow the appellant a subrogation lien subject to reduction based on the fault attributed to the employer.

The next issue is whether the district court erred in allowing attorney fees to plaintiff's attorney against the amount of the subrogation recovery by the employer and Travelers.

K.S.A. 1985 Supp. 44-504(c) gives the trial court the discretion to fix attorney fees to be paid proportionately by the employer and the employee when either brings an action against a third-party tortfeasor. Travelers contends that the trial court abused its discretion in awarding attorney fees amounting to one-third of the employer's subrogation lien. Travelers bases its contentions on the unique relationship between the employer, National Beef, and the third-party tortfeasor, National Carriers. Both companies are wholly owned subsidiaries of Idle Wild Foods. Travelers contends that it should not have to pay any attorney fees since the employer did not benefit from the bringing of the third-party cause of action. Because of insurance deductibles, Travelers argues that Idle Wild Foods will be paying itself and, therefore, it received no benefit from the bringing of the action.

However, National Beef was the plaintiff's employer. Therefore, it is only relevant whether National Beef benefited from the bringing of the action. In interpreting the attorney fee provisions of the workers' compensation statutes, the Kansas Supreme Court expressed concern about interpreting the statute to have a "chilling effect upon the prosecution by the employee of his cause of action." *Nordstrom v. City of Topeka*, 228 Kan. 336, 341, 613 P.2d 1371 (1980). Since it is clear that the employer recovered at least some of the benefits it paid plaintiff for workers' compensation, it is within the purpose of the statute to allow the plaintiff to recover some attorney fees. To interpret it

otherwise would have a definite chilling effect on an employee's decision to bring an action.

Abuse of discretion is defined as a decision by the trial court where no reasonable person would take the view adopted by the trial court. See *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, 422, 625 P.2d 1117 (1981); *Cheek v. Hird*, 9 Kan. App. 2d 248, 250, 675 P.2d 935 (1984). The district court's action is not within the realm of abuse of discretion. In this case, the plaintiff recovered a judgment which resulted in a recovery of part of the benefits paid by the employer. Furthermore, the case went to a jury trial for resolution. Allowance of a fee of one-third of the subrogation recovery is not an abuse of discretion.

In the plaintiff-appellee's brief at page seven, mention is made of attorney fees on appeal. A motion for attorney fees was filed in this court on July 30, 1985, along with a motion for involuntary dismissal. This court denied the combined motion on August 6, 1985, "with leave to renew in brief on the merits." It appears the issue has been renewed.

Pursuant to Rule 7.07(b) (235 Kan. lxxv), this court may assess a reasonable attorney fee if it finds the "appeal has been taken frivolously, or only for purposes of harassment or delay." The issues were not frivolous and there is no evidence of harassment or delay. The motion of plaintiff-appellee for attorney fees for services in connection with this appeal is denied.

The last issue is whether the district court erred in failing to award accrued interest to the employer and Travelers on the amount of the subrogation lien recovered as a result of this action.

In its journal entry, the district court was silent as to distribution of interest that accumulated on the judgment from the time it was awarded on April 22, 1983, until the time the judgment was paid over to the district court on or about April 29, 1985. The journal entry awarded specific amounts to Travelers and to the plaintiff's attorney; this, in effect, paid the plaintiff all the interest accumulated on the entire judgment.

No Kansas cases have been found discussing the distribution of interest between multiple parties who have an interest in the judgment. However, according to 73 Am. Jur. 2d, Subrogation § 117, pp. 673-74:

"One who is subrogated to rights under a mortgage, note, judgment, or other

instrument is generally entitled to recover, in addition to the principal sum expressed therein, interest from the date of payment."

Since K.S.A. 1985 Supp. 44-504 gives the employer a right to subrogation "when recovery occurs," we are of the opinion the employer is entitled to the interest accumulated on the amount of the lien from the date of judgment.

The judgment of the trial court reducing the subrogation lien by the percentage of the employer's fault and the awarding of attorney fees is affirmed. The trial court's award of all of the interest on the judgment to the plaintiff is reversed and the case is remanded to the trial court for distribution of interest according to the views expressed in this opinion.