Russell J. THILLE, Plaintiff–Appellant,

v.

E.L. FARMER & COMPANY, INC., and National Union Fire Insurance Company of Pittsburgh, Pennsylvania, Defendants–Appellees.

No. 91–3079.

United States Court of Appeals, Tenth Circuit.

March 12, 1992.

Gary D. White, Jr. (Gene E. Schroer, of Schroer, Rice, P.A., Topeka, Kan., with him on the briefs), of Schroer, Rice, P.A., Topeka, Kan., for plaintiff-appellant.

Gerald A. King (Lynn Wilson Hursh, of Armstrong, Teasdale, Schlafly, & Davis, Overland Park, Kan., with him on the brief), of Armstrong, Teasdale, Schlafly, & Davis, Overland Park, Kan., for defendants-appellees.

Before ANDERSON, TACHA, and BALDOCK, Circuit Judges.

TACHA, Circuit Judge.

Plaintiff Russell Thille brought this negligence action against defendants E.L. Farmer and National Union Fire Insurance Company of Pittsburgh, P.A., Inc. ("National Union") after he was injured while unloading casing pipe. Thille's injuries were allegedly caused by the negligence of William Bell, an employee of E.L. Farmer. Thille's complaint asserts that E.L. Farmer is vicariously liable for the negligence of its employee and that National Union's liability stems from its insurance contract with E.L. Farmer. Granting summary judgment to the defendants, the district court found that Thille's action was barred by the exclusive remedy provision of the Kansas Worker's Compensation Act. We exercise jurisdiction under 28 U.S.C. § 1291 and reverse.

At the time of his injury, Thille was employed by Revlin Drilling, Inc. ("Revlin"). Revlin had entered into a contract with Cities Service Oil and Gas Corp. ("Cities Service") whereby Revlin agreed to drill an oil well in Russell County, Kansas. Cities Service arranged for E.L. Farmer to deliver casing pipe to the well site. On October 17, 1987, E.L. Farmer's truck driver, Bell, delivered the casing pipe to the well site. Upon arrival at the well site, Bell and several of Revlin's employees, including Thille, began unloading the casing pipe. Thille was injured when casing pipe struck his hand and wrist, allegedly due to the negligence of Bell. Thille subsequently recovered workers' compensation benefits from his employer, Revlin. He now brings this action against E.L. Farmer and its insurer for the alleged negligence of Bell.

The district court found that the exclusive remedy provision of the Kansas Worker's Compensation Act[1] barred Thille's action. Under the exclusive remedy provision, "if a worker is entitled to receive benefits from his employer as compensation for his injury, he cannot maintain a common-law negligence action against that employer for damages." *Griffin v. United States*, 644 F.2d 846, 848 (10th Cir.

---

1. The exclusive remedy provision, Kan.Stat.Ann. § 44–501(b), states:

    Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury for which compensation is recoverable under the workers compensation act nor shall an employer be liable to any third party for any injury or death of an employee which was caused under circumstances creating a legal liability against a third party and for which workers compensation is payable by such employer.

1981). Co-employees also can assert the exclusive remedy defense, since the "exclusive remedy provision also bars a common-law action against another employee of such an employer." *Fugit v. United Beechcraft, Inc.*, 222 Kan. 312, 564 P.2d 521, 523 (1977).

The district court found that Bell and Thille were co-employees at the time of the accident. The district court reasoned that Bell was either a statutory employee of Revlin, under Kan.Stat.Ann. § 44–503(a), or a borrowed servant of Revlin under common law principles. Thus, it concluded that because the exclusive remedy provision entitles Bell, as a co-employee of Thille, to immunity, and because the only claims against E.L. Farmer are based on vicarious liability arising from Bell's alleged negligence, Bell's immunity must extend to E.L. Farmer and its insurer, National Union.

In support of their motion for summary judgment, the defendants argued that Bell was a statutory employee of Revlin under Kan.Stat.Ann. § 44–503(a).[2] Section 44–503(a) extends the coverage of workers compensation benefits and the exclusive remedy defense by making a principal liable for an injury to an employee of a contractor or subcontractor when the relationship between the injured employee and the principal is that of a statutory employee and employer. The district court found that Bell was a statutory employee of Revlin; thus, the court granted Bell immunity from the negligence action brought by Thille and extended that immunity to the defendants.

The Kansas Court of Appeals rejected this same argument in *Anderson v. National Carriers, Inc.*, 10 Kan.App.2d 203, 695 P.2d 1293 (1985). In *Anderson*, a negligent employee of the subcontractor, National Carriers, injured an employee of the

principal, National Beef. The injured employee sued the subcontractor for the negligence of its employee. In rejecting the subcontractor's exclusive remedy defense, the court held that even if the subcontractor's employee was a statutory employee of the principal, "it would be of no comfort" to the subcontractor. *Id.* at 1297. For a party "to prevail on the exclusive remedy defense, it has the burden of proof to establish the existence of any employment relationship between it and plaintiff." *Id.* Further, the court found that § 44–503 applies to the "situation in which the contractor's employee is the injured worker" and noted that none of the cases applying § 44–503 and the exclusive remedy defense involve an injury to the employee of the principal. *Id.*

Finally, the court reasoned that there is no basis for relieving a negligent subcontractor from liability when the subcontractor has no obligation to pay workers compensation benefits to the injured employee. The *Anderson* court concluded that

[a] principal is relieved of liability for its negligence in causing an injury to a subcontractor's employee when it has an obligation imposed by the Workmen's Compensation Act to pay benefits to the injured employee. The act, however, imposes no duty on a subcontractor to pay compensation benefits to an injured employee of the principal unless the principal's employee is a borrowed servant of the subcontractor when the accident occurs.... There is therefore no basis or reason to grant immunity to a subcontractor that negligently inflicts an injury on an employee of a principal contractor.

*Id.* at 1297–98.

■ Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937), we must resolve this appeal according to how we believe the Kansas Supreme Court

---

**2.** Kan.Stat.Ann. § 44–503(a) provides in part: Where any person (in this section referred to as principal) undertakes to execute any work which is a part of his trade or business or which he has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole

or any part of the work undertaken by the principal, the principal shall be liable to pay any workman employed in the execution of the work any compensation under the workmen's compensation act which he would have been liable to pay if that workman had been immediately employed by him.

would resolve the question. We believe the Kansas Supreme Court would accept the interpretation in *Anderson* and hold that even if Bell is a statutory employee of Revlin, Bell's employer is not relieved of liability unless it has an obligation to pay benefits to Thille under the Workers Compensation Act. Thus, following *Anderson*, we find that the district court erred in its conclusion that Bell's status as a statutory employee of Revlin immunizes the defendants from this negligence action.

■ As an alternative basis for holding that the defendants are immune from this negligence action, the district court found that Bell is a borrowed or special employee of Revlin under common law principles. "Once the relationship of lent employee or special employee and employer is established, the special employee becomes the servant of the special employer and assumes the position under the Workmen's Compensation Act as a regular employee and no special inclusion statute is necessary to give a special employee coverage." *Bendure v. Great Lakes Pipe Line Co.,* 199 Kan. 696, 433 P.2d 558, 563–64 (1967). The district court reasoned that Bell, as a borrowed employee of Revlin, was a co-employee of Thille and was therefore entitled to assert the exclusive remedy defense to Thille's negligence action. Further, because the only claims against Bell's employer are those based on vicarious liability arising from Bell's negligence, the court concluded that Bell's immunity extends to the defendants.

We conclude that the district court's holding cannot be harmonized with the principle announced in *Anderson* regarding the exclusive remedy defense. Under *Anderson* and its analysis of the exclusive remedy defense, we must focus on the relationship between the injured employee (the plaintiff) and the defendant. In order for the defendant to prevail in asserting the exclusive remedy defense, "it has the burden of proof to establish the existence of any employment relationship between it and the plaintiff." *Anderson,* 695 P.2d at 1297. Thille brought an action against E.L. Farmer and its insurer, not against Revlin or Bell. Further, it is well established that an employer can assert the exclusive remedy defense only if the injured worker could have recovered workers compensation benefits from the employer. *Zehring v. Wickham,* 232 Kan. 704, 658 P.2d 1004, 1006 (1983). E.L. Farmer makes no attempt to demonstrate that Thille could have recovered workers compensation benefits from E.L. Farmer.

To hold that E.L. Farmer is immune from this negligence suit based on Bell's status as a borrowed employee of Revlin would exceed the scope of the exclusive remedy provision. On its face, § 44–501(b) simply does not apply to the situation here. It only applies where the employee seeks recovery from his employer or from a co-employee of his employer. Furthermore, employing the exclusive remedy provision in this fashion would allow E.L. Farmer to circumvent the well-established rule that in order to prevail in asserting the exclusive remedy defense, an employer must demonstrate that the injured worker could have recovered workers compensation benefits "from that employer." *Zehring,* 658 P.2d at 1006. We determine that the Kansas Supreme Court would adopt the principles announced in *Anderson* and would conclude that even if Bell is a borrowed employee of Revlin, the exclusive remedy provision would relieve E.L. Farmer from liability for its negligence in causing Thille's injuries only if Thille could have recovered workers compensation benefits from E.L. Farmer. Therefore, the district court erred in finding that the defendants are immune from this negligence action.

REVERSED and REMANDED for further proceedings.